# Richmond.

FRY AND AL., TRUSTEES, V. PAYNE AND ALS.

JANUARY 27th, 1887.

Absent, LEWIS, P.

1. PARTITION—*Title.*—In suits for partition the court has jurisdiction to settle all questions of title arising in the case. Code 1873, chap. 120, sec. 1.

2. IDEM—*Parceners—Rents and profits.*—One parcener receiving more of the rents and profits than his share, is liable to his co-parceners in an action of account. Code 1873, chap. 142, sec 14.

3. IDEM—*Statute of limitations.*—This statute does not begin to run in favor of one joint-tenant against his co-tenant until actual ouster or disseisin, or some act equivalent to denial of their rights in the premises. *Greenhill* v. *Biggs* (Ky.), 28 S. W. Rep. 774.

Appeal from two decrees of circuit court of Madison county, rendered in the causes of Payne, trustee, and others against Thomas and others; Thomas, trustee, and others against Thomas and others; and Thomas and others against Thomas, trustee, and others, April 5, 1883, and April 2, 1885, respectively. The decrees were adverse to W. G. Fry, and R. S. Thomas, trustees, and they obtained an appeal to this court.

Opinion states the case.

*James Hay, W. O. Fry,* and *John G. Williams,* for the appellants.

*John L. Jeffries,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from two decrees, rendered by the circuit court of Madison county at the April term, 1883, and the April term, 1885, in the consolidated causes of *Thomas* v. *Thomas, Trustee; Payne, Trustee, and others* v. *Thomas and others;* and *W. O. Fry and others, Trustees,* v. *Thomas and others.* In February, 1883, the appellees filed their bill against William Thomas, John C. Utz, and others, alleging that Robert Thomas died in 1832, leaving a widow and nine named children, seized and possessed of a considerable quantity of real estate, of which 360 acres were assigned to the widow, and the residue divided among his children. The said widow lived there until her death; and one of her sons, William Thomas, lived with her until her death, and afterwards on the said land, until the whole of his land was rented out, in the suit of *Thomas* v. *Thomas, Trustee,* when A. R. Thomas rented the said land, and William Thomas lived with him; and that up to that time no division of the said land had been made between the parties entitled thereto—the heirs of Robert Thomas, deceased—and setting out these at length, and the rights of each, and the interests which had been aliened. It is further alleged that these lands occupied by William Thomas, in the manner stated above, together with other lands belonging to William Thomas, had been sold in a suit, to which they were not parties, to one John C. Utz, by which, however, they claimed they could not be prejudiced, and could not be bound, and prayed a partition of the land, or sale of the same for distribution. The cause was referred to a commissioner, who took the depositions, and reported to the court that, as to the said 360 acres, known as the dower of the widow of Robert Thomas, deceased, that William Thomas had in his own right one-ninth of this land; that he had purchased three-ninths, for which he had a deed; and that he had acquired the other five-ninths by adversary possession, having held the same with color of title for more

than thirty-five years.  Exceptions were taken to said report, and sustained by the court, and by the decree of April term, 1885, the cause was decided.  The court held that William Thomas was the owner of four-ninths of this land only, which had been conveyed by him to trustees for the benefit of his creditors, and the parties being willing to accept the proceeds of the sale of the land to J. C. Utz, except the creditors of William Thomas.  The court referred the cause to a commissioner to apportion the proceeds of the sale to Utz among the heirs of Robert Thomas and their assigns as to five-ninths of the fund, and the appellants appealed to this court, relying on the adverse possession of William Thomas, and his purchase of the interest of the other parties.

There is nothing to show any purchase by William Thomas of any interest in the five-ninths of this land now in dispute. The deed by which he claimed title was in his secret keeping, and was, as to this part of the land, made wholly by himself— signatures and all.  It is objected here that the court of chancery was without jurisdiction in this partition suit to decide the questions raised in the cause as to the title.  This jurisdiction is undoubted, and has been maintained in many cases in this court, and is expressly given by statute.  Sec. 1, ch. 120, Code, 1873.

As to adverse possession, there was no such possession.  He entered, by leave of his mother, upon her dower land, and at her death he continued in possession; and as the possession of one joint tenant, tenant in common, or parcener, is *prima facie* the possession of his fellow, it follows that the possession of one is never adverse to the title of the other, unless there be proved an actual ouster or disseisin, or some other act amounting to total denial of the plaintiff's right as co-tenant.  In this case there was no exclusive enjoyment of the property, accompanied with a denial of all right on the part of those claim-

ing as co-parceners.    William Thomas was in possession, and used the land; but there was nothing inconsistent with the asserted rights of others.    His possession was the possession of all.    There never was any ouster by him.    He received more than came to his just share, but for this he is liable in an action of account.    Sec. 14, ch. 142, Code.

The circuit court properly held that he had acquired no title by adversary possession.

There is no error in the decrees complained of, and the same must be affirmed.

Decrees affirmed.