FRANKLIN *et al.*

*v.*

COMMERCIAL BANK OF LYNCHBURG.

(*Supreme Court of Appeals of Virginia, April 13, 1896.*)

[24 S. E. Rep. 918.]

**Garnishment Proceedings—Judgment against Garnishee—Equitable Relief—Case at Bar.**

In garnishment, judgment was rendered against the garnishee, who attempted to defend on the ground of liability incurred by indorsements for defendant above the amount due the defendant for salary. Subsequently, the defendant being insolvent, the garnishee was compelled to pay the notes, and also, after the return day of the summons in the garnishment proceedings, voluntarily paid to an assignee of the defendant's salary a sum nearly equal to the amount of the judgment: *held*, that the insolvency of the defendant was no ground for equitable relief to the garnishee against the judgment rendered against him as garnishee.

Appeal from corporation court of Lynchburg.

Suit by Franklin, Clark & Co. against the Commercial Bank of Lynchburg. There was a decree for defendant, and complainants appeal. Affirmed.

*Wilson & Manson*, for appellants.

*J. E. Edmunds*, for appellee.

KEITH, P., delivered the opinion of the court.

The bill in this case presents the following facts: Franklin, Clark & Co. were engaged in the business of buying and sell-

ing leaf tobacco in the city of Lynchburg, and S. B. Rucker was employed by them for a year at a salary of $100 per month, beginning October, 1892. The Commercial Bank of Lynchburg, having obtained a judgment against Rucker, sued out of the clerk's office of the corporation court of that city a summons returnable to the 1st day of the May term, 1893, of the corporation court; claiming that, by reason of a fieri facias then in the hands of the city sergeant, it had a lien on what was due to Rucker from Franklin, Clark & Co., or that might become due before the return day of the summons. At the May term, Franklin, Clark & Co. appeared, and admitted that they had employed Rucker as stated; but averred that they had paid him $196.65 in cash, and had indorsed notes for him, amounting to $1,122.58, prior to the commencement of the garnishment proceedings. Upon the hearing the court decided that Franklin, Clark & Co. had no defense by reason of the indorsements, and gave judgment against them, in favor of the Commercial Bank, for $517.69, the amount due to Rucker from them for salary from October 1, 1892, to May 1, 1893, after crediting the money actually paid. The bill further alleges that the complainants have, since the judgment, been compelled to pay a great part of the notes, and expect to be required to pay them all; that Rucker is insolvent; that he has assigned all of his salary to one of his creditors; and that plaintiffs have no means of protecting themselves, and are threatened with irreparable injury; and they therefore pray that the Commercial Bank be perpetually enjoined and restrained from collecting the judgment obtained against them. The bank answered the bill, putting all of its statements in issue, and depositions were taken. It appears from the evidence that, in the proceedings at law upon the summons suggesting Franklin, Clark & Co. as debtors of Rucker, they answered, and set up as actual payments on his salary the notes indorsed by them and turned over to Rucker.

Upon this plea of payment, or answer to the summons, set-

ting up payment as a defence to their liability,—to speak
more correctly, issue was joined, and the court rendered a
judgment in favor of the Commercial Bank. It was a
court of competent jurisdiction, having jurisdiction both
over the parties and the subject-matter. Its judgment
is unreversed, and is final and conclusive as to all matters
passed upon by it. There is little reason to doubt, in the light
of the evidence in the chancery suit now before us, that the
court, in reaching that conclusion, was of the opinion that
the proceeds of the notes relied on as payments went to the
customers of the firm of Franklin, Clark & Co., and that they
were made and negotiated for that purpose. This at least
seems to us to be the effect of the evidence, and, in this view of
it, the contention of the appellants is wholly without merit.

Another fact, however, about which there is no room for
controversy, appears in the record, and it is conclusive of the
case : The summons to suggest the money in the hands of ap-
pellants belonging to Rucker was sued out by the Commercial
Bank on the 24th of February, 1893. It was returnable to the
May term of the court, 1893. It was tried at that time, and
judgment rendered against appellants for $517.69. This was,
of course, notice of the bank's claim. It could not have been
more complete, and yet, by their own evidence, given by a
member of the firm, it appears that after the 1st of May they
paid to Mr. Gilliam, assignee of Rucker, the sum of $500.
As against the assignee, their equity was perfect. Rucker
was insolvent. The Commercial Bank had obtained a judgment
against them for the sum of $517.69 on account of salary al-
leged to be due to Rucker while they claimed to have notes out-
standing upon which they were bound for him as indorsers,
yet they voluntarily paid $500 to Gilliam, who had no shadow
of a right against them, and now seek to hold the bank be-
tween them and loss. The relations between Franklin, Clark
& Co. and Rucker seem to have been very close and kindly,
and they felt and expressed great confidence in his integrity,

and that he would in no event permit them to lose anything by him. If he protects them, they are without cause of complaint. If he does not, it would be scarcely fair to make the Commercial Bank suffer the effects of their misplaced confidence. That insolvency may so affect the rights of parties to a transaction as to give rise to equities which will be considered and enforced in a court of chancery, even though a court of law has taken jurisdiction and rendered a judgment, is true ; and this source of equitable relief has received frequent illustration in cases before this court, and examples of it abound in the text-books. See Feazle v. Dillard, 5 Leigh, 30; Wayland v. Tucker, 4 Grat. 267 ; M'Clelland v. Kinnaird, 6 Grat. 352 ; Hupp v. Hupp, Id., 310 ; Linke v. Fleming, 25 Grat. 707. But the case before us does not come within the influence of the principles enunciated in these authorities, and others of a like character relied upon by counsel for appellants. It may be conceded that Rucker's insolvency created an equity in the appellants to be protected against claims upon them as debtors of Rucker, they being bound to him for other demands, the enforcement of which they could not resist ; yet having in their own hands the means of protecting themselves, and voluntarily parting with it, they are in no condition to ask the court to shield them from a peril which is the result of their improvident act in paying money to Gilliam after the rendition of the judgment against them. We are of opinion that there is no error in the decree appealed from, and it is affirmed.