## Wytheville

ADKINS AND OTHERS V. ADKINS AND OTHERS.

### June 10, 1915.

1. RENT—*Liability of Cotenant in Exclusive Possession.*—A tenant who takes possession of the premises and uses and enjoys the same to the exclusion of his cotenants should be charged, on settlement with his cotenants, with a reasonable rent for his use and occupancy of the property in the condition in which it was at the time he entered into possession thereof, and is not accountable for any of the profits nor liable for any of the losses by reason of his being a good or bad husbandman, and each year's rent should bear interest from the time it is due.

2. PARTITION — *Questions Affecting Title — Indebtedness Between Parties—Code (1904), Section 2562—Object*—The provision of section 2562 of the Code that, in a suit for partition, a court of equity "may take cognizance of all questions of law affecting the legal title that may arise," is applicable only to questions affecting the legal title to the subject of partition, and not to matters of general indebtedness between the parties. The object of the statute was to obviate the delays and difficulties which frequently arose in partition suits where questions of title were involved, but there is no provision for the settlement in such suits of all controversies that may arise between tenants in common, growing out of their general indebtedness to each other, which have no relation to or bearing upon the title to the subject of partition.

3. PARTITION—*Right of Third Persons.*—An undisputed claim by third persons, not parties to a suit for partition, to a mineral right in a part of the land to be sold for partition may be protected by directing the land to be sold subject to such mineral right.

Appeal from a decree of the Circuit Court of Goochland county. Decree for defendant. Complainants appeal.

*Reversed.*

The opinion states the case.

*C. R. Sands, Leslie C. Garnett* and *Cabell, Garnett & Cabell,* for the appellants.

*S. S. P. Patteson,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This bill was filed by Thomas Adkins for the partition of a farm in Goochland county, containing 430.87 acres, between himself, one brother and two sisters, who derived the same jointly from their father. The bill alleges the farm to be in a neglected condition, incapable of division in kind, and that the interest of the parties concerned would be promoted by a sale of the place as a whole and a division of the proceeds. Answers were filed by the two sisters, the brother W. P. Adkins appearing by counsel, and thereupon, by consent of parties, the cause was referred to a commissioner to ascertain and report the land involved, what liens, if any, rested thereon and the order of their priority, and whether the land could be conveniently divided in kind.

Before the taking of the depositions in the cause was completed, W. P. Adkins, the brother, died and his widow, Mary G. Adkins, to whom he left his father's estate, filed her answer to the bill, asking that the same be treated as a cross bill, charging among other things that the complainant, Thomas Adkins, had since the death of his mother, had the exclusive control of the farm, had used and occupied the same to the exclusion of his cotenants, that he had permitted waste to be committed upon the land by allowing large quantities of timber to be cut therefrom; that during all the time of his control and use of the farm he had made no settlement with his cotenants, to

whom he was responsible; that he should be required to account to them for a fair rent for the property, and for the timber taken therefrom.

Exceptions were taken to the report of the commissioner which was filed in response to the reference mentioned. Those exceptions and the action of the circuit court in overruling them, together with one other objection, raise the questions to be considered and disposed of on this appeal. The objections to the report will be considered in the following order:

First: That the commissioner failed to report that the complainant, Thomas Adkins, had enjoyed the exclusive use, occupancy and control of the farm for years, and to hold him responsible for a fair rental of the property during each year. Second: That the commissioner improperly charged the interest of W. P. Adkins with two notes claimed to be due from him to the complainant; and, Third: That the commissioner did not charge the complainant with the value of the timber cut from the farm during his control of the same.

As to the exclusive control of Thomas Adkins and his liability for a fair rental during the period of his use and control of the property, the evidence shows that, about the year 1886, he took possession of the farm and continued to control and use it until the institution of this suit, with the exception of one year, when it appears to have been occupied by his brother-in-law, W. T. Moulton. During this time he occupied the place for a considerable period as his home, keeping thereon a large amount of live stock, raising crops, etc., and throughout the remainder of his control had the property in the hands of tenants, either for a share of the crops or for a money rent, and at no time during all the years of his use and control of the property did his cotenants ever share with him in the crops or other proceeds of the farm. While there was no formal contract

of renting, the use and control of the place by Thomas Adkins seems to have been acquiesced in by his brother and sisters upon the idea that the place had to be managed and that they could safely trust its management to him. While there never was any ouster of his cotenants, the use and enjoyment by the complainant was exclusive in the sense that it was never interfered with by his brother or sisters during the period of his control. The facts and circumstances of the case present a situation where the tenant in common occupying the premises to the exclusion of his cotenants is accountable for receiving more than his just share or proportion. *Early* v. *Friend*, 16 Gratt. (57 Va.) 21, 78 Am. Dec. 649; *Newman* v. *Newman*, 27 Gratt. (68 Va.) 722; *Schroeder* v. *Woodward, &c.,* 116 Va. 506, 82 S. E. 192.

In the last-named case it is said: "Where a tenant in common uses the property to the total or partial exclusion of his cotenants, an accounting to such cotenants may be had, under the statute, for so much of the rents and profits as the tenant in possession and use may have received or should be charged with if such possession and use had been exclusive; and the best measure of his accountability is a fair rent of the property so occupied and used by him."

The evidence shows that the complainant kept a detailed account of items of charge against the estate, but kept no account of items with which the estate should have been credited, contenting himself when questioned on the latter subject with remembering little or nothing, and saying that he lost money every year. The commissioner charged the complainant with such items of rent, alone, as he could remember to have actually received, settling the account between the complainant and his cotenants on that basis, thereby bringing the three cotenants in debt to the complainant in the sum of $2,766.72, or $922.24 each. The result produced is alone sufficient to demonstrate the in-

justice of the method of settlement adopted by the commissioner and confirmed by the court. The law is well settled that, under the facts and circumstances disclosed by this record, the tenant in possession and use must be charged on settlement with his cotenants with a reasonable rent for his use and occupancy of the property in the condition in which it was at the time it went into his possession, and must not be held to account for any of the profits, nor can he recover for any of the losses by reason of his being a good or bad husbandman, and each year's rent must bear interest from the time it is due. In addition to the authorities cited, see *Graham* v. *Peirce,* 19 Gratt. (60 Va.) 28, 100 Am. Dec.. 658; *White* v. *Stuart,* 76 Va. 546; *Fry* v. *Payne,* 82 Va. 759, 1 S. E. 197; and Minor's Real Prop. Vol. 1, sec. 922.

As to the exception that the commissioner improperly charged the interest of W. P. Adkins with two notes claimed to be due from him to the complainant, we are of opinion that this objection to the report is also well taken and should have been sustained. It appears that the notes mentioned are vigorously contested by the representative of the interest of W. P. Adkins, and that if due, in whole or in part, they have no relation to, or connection with the estate sought to be here partitioned. If due at all, they represent matters wholly foreign to the estate here involved.

Complainant relies upon the statute, Code, sec. 2562, as authorizing the settlement in this partition suit of the controversy mentioned between himself and his cotenant. We find no warrant in the statute for this contention. The provision of the statute is that in a partition suit, a court of equity "may take cognizance of all questions of law affecting the legal title that may arise." The jurisdiction of the court is limited to the settlement of questions affecting the legal title to the subject of partition. The object of the statute was to obviate the delays and difficulties which fre-

quently arose in partition suits where questions of title were involved, but there is no provision for the settlement, in a suit for partition, of all controversies that may arise between tenants in common, growing out of their general indebtedness to each other, which has no relation to or bearing upon the title to the subject of partition. *Pillow* v. *Southwestern Imp. Co.,* 92 Va. 144, 23 S. E. 32, 53 Am. St. Rep. 804.

We are of opinion that the court properly overruled the exception taken to the commissioner's failure to charge the complainant with the timber cut from the farm. There is no evidence that the complainant cut or sold any timber from the farm during the period of his use and control. It appears that about fifteen years before the institution of this suit W. T. Moulton, a brother-in-law of the complainant, occupied the premises in question for one year, and that he cut and sold some timber from the place. He claims that this was done with the consent of all the parties interested. What timber was sold by Moulton or how much was received by him on that account does not satisfactorily appear. However that may be, it does not appear that the complainant was in any way responsible for the timber sold by Moulton, nor is it shown that he ever received a cent from any such sales.

The remaining assignment of error is to the action of the court in ordering a sale of the tract of land as a whole, without restricting the same to such of the mineral rights therein as were owned by the cotenants in this suit.

It appears from the commissioner's report that an undivided one-sixth interest in the coal and mineral rights in this land was reserved by one Joseph R. Crouch, a former owner, and was recently, by deed of record, transferred by his heirs to Alfred and Virginia Crump. The evidence indicates that this outstanding mineral right is a very shadowy and unsubstantial interest, but such as it is the

owners are entitled to have it recognized and respected.   The Crumps are not parties to this proceeding, and the complainant disclaims any purpose to sell their mineral rights. Under the circumstances, the interests of all concerned can, as suggested, be fully protected by providing in the decree of sale to be hereafter entered, that the land be sold subject to the mineral rights of Alfred and Virginia Crump therein.

It follows from what has been said that the decree appealed from must be reversed, and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*