# Wytheville.

## ROBERT E. EGGLESTON, ET ALS. v. JOHN W. CRUMP, ET ALS.

### June 14, 1928.

#### Argued and submitted before Judge Holt took his seat.

1. COMPROMISE AND SETTLEMENT—*Partition Suit—Authority of Attorney—Case at Bar.*—The instant case was a suit for partition. The litigants and their counsel met for the purpose of taking depositions, and after a full discussion of the respective rights of the litigants, the record shows that with the full knowledge, consent and authorization of defendant, a compromise agreement was entered into dividing the tract among the litigants. Pursuant to this agreement, the county surveyor, at the direction of defendant, who declined to exercise his right to select a representative under the terms of the agreement, made a survey of the tract; and to defendant he laid off two-thirds of the land, and to complainant and the other parties in interest he laid off the residue thereof. This action was reported to the commissioner, who in turn made report to the court, and this report was confirmed in all respects. Appellants contend that the attorney for defendant exceeded his authority.

   *Held:* That the record did not support this contention, and that the agreement was fairly made for the purpose of ending a disputed claim and was supported by a valid consideration.

2. COMPROMISE AND SETTLEMENT—*Compromise Favored.*—The considerations of compromising doubtful rights and settling boundaries are not only good, but are favored in law. The law favors compromises and settlement of disputed claims. It is to the interest of all that there should be an end of litigation, and a settlement deliberately sought ought not to be set aside, except upon the most satisfactory evidence.

3. JOINT TENANTS AND TENANTS IN COMMON—*Timber Sold by Co-Tenant—Waste—Amount of Damages—Case at Bar.*—The instant case was a suit by a co-tenant seeking partition of a tract of land and to recover from his co-tenant and a purchaser of timber on the land the amount due to complainant by reason of the sale of the timber by his co-tenant to the purchaser and cut by him from the tract of land.

It was contended by appellees that the amount of recovery should be measured by the worth of the timber on the stump, and the court sustained this contention. Appellants contended that the appellees were only entitled to recover one-third of the amount actually received by the co-tenant from the purchaser. This contention was based upon the prayer of the bill of complaint, which rested complainant's claim against his co-tenant for his interest in "all monies received by him for any timber * * * cut or sold * * *." The bill did not allege any damage or waste or injury to the freehold. It contained no allegation of fraud.

*Held:* That complainant having elected to sue for the amount due him out of the moneys received by his co-tenant, he was bound by his election. Had the bill alleged waste or fraud in the sale of the timber, the measure of recovery would have been otherwise.

4. JOINT TENANTS AND TENANTS IN COMMON—*Tenant in Common Occupying the Land or Property or Conducting a Business.*—As a general rule, where a tenant in common occupies land or property which has a rental value, he will be charged with the rental value, but where he conducts a business, in the absence of fraud, he is only chargeable with the profits he actually receives, beyond his just share.

5. JOINT TENANTS AND TENANTS IN COMMON—*Waste—Action for Damages—Amount of Recovery.*—Where a joint tenant brings an action of account on the ground of waste wantonly committed, he is entitled to recover judgement for double the amount of damages assessed therefor.

6. JOINT TENANTS AND TENANTS IN COMMON—*Action Between Co-Tenants—Timber Sold by One Co-Tenant.*—The instant case was a suit by one co-tenant against another for "all monies received by him for any timber * * * cut or sold * * *" on the property. Under section 5440a of the Code of 1924, complainant could have filed his action of account against his joint tenant for "receiving more than comes to his just share or proportion." But having elected to sue for the amount due him out of the moneys received by his co-tenant, he is bound by his election.

7. COMPROMISE AND SETTLEMENT—*Joint Tenants and Tenants in Common—Compromise Never Consummated—Case at Bar.*—The instant case was a suit by one co-tenant against another to recover the amount due complainant by reason of the sale of timber on the tract by his co-tenant. It was contended by appellees that even though the court erred in assessing the damages, the amount of the judgment had been fixed by a compromise agreement entered into by the parties. There was a serious effort to effect a compromise, but after quite a lengthy correspondence on the subject, between counsel, counsel for appellants notified counsel for appellees that appellants declined to pay the judgment. Instead of relying then on a settlement of the

controversy, counsel for appellees wrote a letter which showed conclusively that the question of settlement was in abeyance at the date thereof and upon the refusal of appellants to make settlement, the suit would be further prosecuted.

*Held:* That the compromise was never consummated.

Appeal from a decree of the Circuit Court of New Kent county. Decree for complainant. Defendants appeal.

*Affirmed in part; reversed in part.*

The opinion states the case.

*Chas. C. Berkeley, Allen C. Jones* and *Allan D. Jones,* for the appellants.

*H. Carter Redd,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

The bill in this cause was filed by W. P. Crump, asking for the partition of a tract of land known as "Fenton," containing one hundred acres, more or less, between himself and R. S. Eggleston, John R. Boswell and Rannie Boswell, and to recover of R. S. Eggleston and J. T. Crute the amount due complainant by reason of the sale of timber by Eggleston to Crute and cut by Crute from the Fenton tract of land.

The circuit court decreed that complainant was entitled to have partition in kind of the land in controversy, and also entered judgment against Robert Eggleston, administrator of R. S. Eggleston and J. T. Crute for the sum of $1,120.00 in favor of John R. Boswell, Rannie Boswell, and the heirs at law of W. P. Crump, deceased. From that decree this appeal has been taken.

The record shows that the Fenton tract was owned by two brothers, George and Joel Crump. George Crump died, having married twice and having children by both wives. Joel Crump died intestate, without issue. Three of the heirs of George Crump conveyed their interest to one A. P. Richardson and by successive conveyances, R. S. Eggleston, the original defendant in this cause (who died during the pendency of this suit), became the owner of a disputed interest in the Fenton tract.

Appellants, who inherited the interest of their father, R. S. Eggleston, in the tract in controversy, claim that R. S. Eggleston was the owner of the entire Fenton tract, as a purchaser from Richardson, and also as a purchaser of the land at a delinquent tax sale. With whatever merit this claim may have been invested in the inception of this litigation, it has been dispelled by the agreement of compromise entered into by their father, R. S. Eggleston, and William P. Crump, by their attorneys.

On November 10, 1922, the litigants and their counsel met for the purpose of taking depositions. After a full discussion of the respective rights of the litigants, the record shows that with the full knowledge, consent and authorization of R. S. Eggleston, his attorney entered into the following agreement:

'"It is agreed by parties to this suit that the county surveyor of New Kent county shall with two men, one to be chosen by the plaintiff and one to be chosen by the defendant, make a survey of the tract of land known as 'Fenton,' the subject of controversy in this suit, and that they will after having made survey of the whole tract run a line cutting off from that part of 'Fentons' next to the land of William P. Crump a one-sixth part of said land in value and that they shall also

run another line cutting off a one-eighth part in value and that they will also value the timber cut on the whole of the Fenton tract of one hundred acres by J. T. Crute and return a report of the same together with the plat made by the surveyor to Mr. T. N. Harris, the commissioner in this case; and in case the two parties so chosen to make said valuations and lines shall not agree, that they shall choose a third party to act as umpire, and in case they do not agree, the decision of the umpire chosen by them shall be final and binding on the parties to this suit, it being agreed that the commissioner shall use his report and survey in making his report under the decree of reference in this cause."

Pursuant to this agreement, O. M. Chandler, county surveyor, at the direction of R. S. Eggleston, who declined to exercise his right to select a representative under the terms of the agreement, made a survey of the Fenton tract of land, and to R. S. Eggleston he laid off two-thirds of the land, and to complainant and to the two Boswells he laid off the residue thereof. This action was reported by Chandler to the commissioner, who in turn made report to the court, and this report was confirmed in all respects.

[1] Appellants contend that the attorney for R. S. Eggleston exceeded his authority. The record does not support this contention. We are of the opinion that the agreement was fairly made for the purpose of ending a disputed claim and was supported by a valid consideration. *Grandin* v. *Grandin*, 49 N. J. L. 508, 9 Atl. 756, 60 Am. Rep. 642.

[2] That the law favors a compromise of a disputed claim is settled by the decisions of this court.

In *Zane's Devisees* v. *Zane*, 6 Munf. (20 Va.) 406, it is said in the syllabus: "The considerations of com-

promising doubtful rights and settling boundaries are not only good, but are favored in law."

In *C. & O. Ry. Co.* v. *Mosby*, 93 Va. 100, 24 S. E. 918, it is said: "The law favors compromises and settlement of disputed claims. It is to the interest of all that there should be an end of litigation, and a settlement deliberately sought as this was by the plaintiff ought not to be set aside, except upon the most satisfactory evidence."

[3-6] The second assignment of error calls in question the action of the court in entering judgment against the administrator of R. S. Eggleston and J. T. Crute for the respective sums of $560.00 each.

It appears from the proof that J. T. Crute, the purchaser of the timber from R. S. Eggleston, paid therefor the sum of $1,600.00. Five hundred dollars of this amount was paid by Eggleston to one Boswell for making the sale to Crute.

It is the contention of appellees that the amount of recovery should be measured by the worth of the timber on the stump; that the timber was shown to be worth the sum of six dollars per thousand feet. The court sustained this contention and fixed the value of the timber cut at $3,360.00.

Appellants contend that the appellees are only entitled to recover one-third of the amount actually received by R. S. Eggleston. This contention is based upon the prayer of the bill of complaint. After praying for a partition of the land the bill contains this language: "*   *   that said Eggleston be required to account for all monies received by him for any timber and wood cut or sold from said place for any and all timber and wood used by himself, and that he be enjoined from further selling and disposing of said timber and wood,   *   *   *   and that the said Eggleston

and Crute be required to pay to your complainant and to the said John R. Boswell and Rannie Boswell such sums of money as their interest in said one hundred acres of land and the timber thereon may entitle them to   *   *   *."

As a general rule, where a tenant in common occupies land or property which has a rental value, he will be charged with the rental value, but where he conducts a business, in the absence of fraud, he is only chargeable with the profits he actually receives, beyond his just share.  *Paxton* v. *Gamewell*, 82 Va. 709, 1 S. E. 92; *Early* v. *Friend*, 16 Gratt. (57 Va.) 53, 78 Am. Dec. 649.

Had the complainant brought an action of account on the ground of waste wantonly committed he would have been entitled to recover judgment for double the amount of damages assessed therefor.   Under section 5440a, Code of 1924, complainant could have filed his action of account against his joint tenant for "receiving more than comes to his just share or proportion."   But he was content to rest his claim against his joint tenant for his interest in "all monies received by him for any timber   *   *   *   cut or sold   *   *   *."

The bill did not allege any damage or waste or injury to the freehold.   It contains no allegation of fraud. The decree did not award damages against the estate of R. S. Eggleston for any wood or timber used by him personally.   The whole controversy revolved around the value of the timber sold to Crute.

The complainant having elected to sue for the amount due him out of the moneys received by R. S. Eggleston, he is bound by his election.   He must stand or fall upon the case made by the pleadings.   Had the bill alleged waste or fraud in the sale of the timber, the measure of recovery would have been otherwise.   It

is true that the bill employs the language that Eggleston and Crute be required to pay complainant such sums of money as their interest in the timber entitles them to.  This interest has been fixed, however, by complainants, as their share of the moneys received by Eggleston.

[7] It is contended by appellees in this court that even though the court erred in assessing the damages, the amount of the judgment has been fixed by a compromise agreement entered into by appellees with Robert Eggleston and Henry Eggleston, heirs of R. S. Eggleston.  We are of the opinion that this compromise was never consummated.  There was a serious effort to effect a compromise, but after quite a lengthy correspondence on the subject, between counsel, counsel for appellants notified counsel for appellees that appellants declined to pay the judgment.

Instead of relying then, as they do now, on a settlement of the controversy, counsel for appellees wrote the following letter:

"I have your letter of February 15, stating that the Egglestons have changed counsel again.  I am sorry that they have done so, as I had hoped that we would close the matter up along the line of our agreement; that is, having the Eggleston property surveyed and whatever balance was due by the Via Brothers to be paid to me as attorney for the plaintiffs in our suit, the Egglestons to make up the deficiency.

"I suppose that the only thing for me to do now is to proceed with the suit and push it to a conclusion.

"I am sorry that you are no longer connected with this case."

This letter conclusively shows that the question of settlement was in abeyance at the date thereof and

upon the refusal of appellants to make settlement, the suit would be further prosecuted.

For the reasons stated, we are of the opinion that the decree complained of, in so far as it adjudges a partition of the Fenton tract of land, should be affirmed, and in so far as it awards a judgment for the sum of $1,120.00 against appellants, it should be reversed.

We are further of the opinion that appellees are entitled to a one-third interest in the sum of $1,600.00, which sum is the amount received by R. S. Eggleston for the sale of the timber to J. T. Crute. Instead of remanding the case to the lower court, a judgment will be entered here against Robert Eggleston, administrator of R. S. Eggleston, in favor of Charles Crump, Walter Crump and Lawrence Crump in the sum of $266.66⅔, with interest thereon from April 21, 1921, and a judgment will be entered here against Robert Eggleston, administrator of R. S. Eggleston, in favor of John R. Boswell and Rannie Boswell in the sum of $266.66⅔, with interest thereon from April 21, 1921.

The costs of this suit will be taxed against the appellants.

*Affirmed in part; reversed in part.*