## Richmond

MARY B. NACCASH v. EDMUND P. NACCASH.

April 24, 1972.

Record No. 7691.

Present, All the Justices.

C. *Wynne Tolbert* (*Oren R. Lewis, Jr.; Tolbert, Lewis and Fitz-gerald*, on brief), for appellant.

*L. Lee Bean*, for appellee.

Per Curiam.

On June 12, 1968, Edmund P. Naccash, a physician, instituted this suit against his former wife, Mary B. Naccash, for the partition of certain real property in Arlington County, Virginia. The parties had purchased the property in 1961 as tenants by the entireties and had converted the building thereon into office space for three physicians. Upon the dissolution of the marriage on June 2, 1967, the tenancy was converted by statute[1] into a tenancy in common.

The cause was referred to a commissioner in chancery who after hearing evidence reported to the court, among other things, that Dr. Naccash was liable to account to Mrs. Naccash for one-half of the rent incurred by him as tenant of one of the offices from the date of the dissolution of their marriage until the date the property was sold

---

1. Code § 20-111, as amended, 1960 Repl. Vol.

in this partition suit, and for one-half of the rents collected by him from another physician who occupied one of the office spaces for six months during 1969. Mrs. Naccash excepted to the report on the ground that Dr. Naccash was in exclusive possession of the property and therefore liable to her as cotenant for one-half of the reasonable rental value of the property, instead of one-half of the rentals actually received. The exception was overruled by the chancellor and the commissioner's report was confirmed.

The sole question on this appeal is whether Mrs. Naccash, as a cotenant, is entitled to one-half of the reasonable rental value of the property.

The evidence shows that after the first floor of the building was converted into office space Dr. Naccash occupied one of the offices and two other physicians rented the remaining two. Each physician, including Dr. Naccash, paid a rental of $225 per month to Mrs. Naccash, who kept the rental accounts until 1966. One of the doctors vacated his office space in 1963 or 1964, and the other left in 1965. Dr. Naccash's efforts to rent the vacant offices were unsuccessful, except in 1969 when he rented one of the offices to another physician for approximately six months. Mrs. Naccash made no effort to rent the vacant offices and she made no claim for half of the rental value of the property until this partition suit was brought.

Mrs. Naccash contends that where a tenant in common is in exclusive possession of the property he is liable to account for its reasonable rental value to his cotenant, citing *Adkins* v. *Adkins*, 117 Va. 445, 448-49, 85 S.E. 490, 491 (1915); *Schroeder* v. *Woodward*, 116 Va. 506, 529, 82 S.E. 192, 200 (1914); and Code § 8-514.1, as amended, 1957 Repl. Vol.

This principle is not applicable under the facts in the instant case. Dr. Naccash at no time used or had exclusive possession of all the offices in the building. After the other offices were vacated he remained in the same office space that he occupied when he first moved into the building in 1961. He was thus accountable to Mrs. Naccash for only one-half of the rent for the space occupied by him after the tenancy was converted into a tenancy in common on June 2, 1967, and for one-half of the rent paid to him in 1969. Hence the report of the commissioner, which was confirmed by the chancellor's decree, is supported by the evidence and will not be disturbed by us.

*Affirmed.*