## CIRCUIT COURT OF BATH COUNTY

Darlene Louise Hodge (Riley)

v.

Raymond Lee Hodge

February 1, 1982

By JUDGE DUNCAN M. BYRD, JR.

The issues disposed of herein were initially raised in a hearing on August 24, 1981, and consist of essentially three issues.

First and probably the most important is a request for change of child custody based upon a change of circumstances. The Court has reviewed the evidence and the respective social service home evaluations. Both reflect favorable home conditions. It is also clear that Mrs. Riley has made significant improvements and changes with regard to quality of custodial care which she is able to provide her child. However, in declaring the difficult question of custody, it is clear that the welfare of the child is the primary, paramount and controlling consideration. All other matters are secondary. *Hall* v. *Hall*, 210 Va. 668 (1970), Va. Code Ann. § 31-15, § 16.1-227. It is important to note that the Virginia General Assembly adopted with slight change the *Uniform Child Custody Jurisdiction Act* effective January 1, 1980. Va. Code Ann. Sections 20-125 to 20-146. The purpose of the act is to discourage continued controversies over child custody and thereby stabilize the home environment for the contested child. 15 U. Rich. L. Rev. 355 (1981). It is clear that placement decisions should safeguard the child's need for continuity of relationships. J. Goldstein, A. Freud & A. Solnit, *Beyond the Best Interests of the Child*, p. 31 (1973).

[O]ne of the things that the child's welfare certainly demands is stability and regularity. If he is continuously being transferred from one parent to the other by conflicting court decrees, *he may be a great deal worse off than if left with one parent, even though as an original proposition some better provision could have been made for him.* (Emphasis added.) H. Clark, *The Law of Domestic Relations*, p. 326 (1968).

Considering this and the totality of the circumstances I believe custody of the child should remain with the father, with Mrs. Riley given the right to visit the child on alternate holiday weekends, alternated annually, and during one-half of the Christmas and summer school vacations with the first half and last half of each alternated annually.

The second issue is a claim for damages to certain items of personal property of the Complainant by the Defendant. The issue here is simply one of sufficiency of the evidence. The evidence establishes that Mrs. Riley is entitled to recover from Mr. Hodge damages in the amount of $75.00 for broken ceramic dishes, $22.00 for jewelry and $20.00 for missing cookbooks. There is a great deal of evidence concerning other items, however, the values and/or ownership of these items was not proven by a preponderance of the evidence.

The third issue is the extent which, if any, Mr. Hodge should be made to account to Mrs. Riley by virtue of his possession of jointly owned real estate.

I am of the opinion that prior to the final decree on October 7, 1980, that Mrs. Riley was not entitled to any contribution. *Eaton* v. *Davis*, 165 Va. 313 (1935); *Norris* v. *Barbour*, 188 Va. 723, 743 (1949).

From the date of the final decree of divorce until the foreclosure on June 20, 1981, Mr. Hodge must account

512

to Mrs. Riley for one-half the rental value of the real property exclusively occupied by him. *Jenkins* v. *Jenkins*, 211 Va. 797 (1971); *Naccash* v. *Naccash*, 212 Va. 763 (1972). I determine the fair rental value to be $150.00 per month.