## CIRCUIT COURT OF STAFFORD COUNTY

John McGuire Chinn et al.

v.

Ralph McCalley Chinn

June 20, 1990

Case No. (Chancery) 241-89

By JUDGE JAMES W. HALEY, JR.

In this partition suit, upon the death of a life tenant on February 29, 1988, four sibling remaindermen became owners in fee as equal tenants in common of real estate in Stafford County on which was located a residence. The residence was vacant from the death of the life tenant until May, 1989, at which time one co-tenant with the concurrence of two others, permitted his niece and her husband, the Schauls, to occupy the residence without payment of rent in cash during the pendency of the partition suit.

The fourth co-tenant, Ralph McCalley Chinn, has excepted to a Commissioner's Ruling that he is not entitled to an award out of the proceeds of sale for his share of a fair rental value from May, 1989, to date of sale "because he did not agree to the use of the property by the Schauls."

As the residence was deteriorating and subject to vandalism, the three co-tenants made the same available to the Schauls, in consideration of which they maintained and protected the fifty-six-year-old structure, which, incidentally, needed new painting, plumbing, wiring,

plastering, and whose bathroom and kitchen were functionally obsolescent. (Tr. 29-30).

The Schauls cleaned the property, hauled away "junk," and took down dead trees. (Tr. 26).

The parties have stipulated the occupancy of the residence without payment of rent in cash from May, 1989, to the present and the reasonable monthly rental for the residence to be $400.00.

In *Chosar Corp. v. Owens*, 235 Va. 660, 664-665, 370 S.E.2d 305, 308 (1988), the Court stated:

> At common law, one co-tenant who used the common land exclusively was not required to account to other co-tenants unless his use resulted in an ouster or exclusion of his co-tenants. *Fry v. Payne*, 82 Va. 759, 761, 1 S.E. 197, 199 (1887). Now, however, an accounting may be had against a co-tenant "for receiving more than comes to his just share or proportion." Code § 8.01-31.[1]

Whether Ralph McCalley Chinn agreed with the actions of his three co-tenants is not relevant. His co-tenants had the right and power to enter into the agreement that they did with the Schauls. As the Court in *Graham v. Pierce*, 60 Va. (19 Gratt.) 28 (1869), stated:

> And although it may be best for the interests of all the tenants in common to use the common property jointly, by means of a contract of partnership between them, yet the individual owners have a right to decide that question for themselves and are not bound to enter into such contract of partnership; but may possess, use, and enjoy the property severally, accounting to their co-tenants for so much of the rents and profits as they may receive beyond their

---

[1] Section 8.01-31. Accounting in equity. -- An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or co-parcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party.

just share and proportion as aforesaid. 60 Va. at 38.

Section 8.01-31 contemplates a tenant in common being required to account "for receiving more than comes to his just share or proportion . . ." The quoted language requires an accounting where the co-tenant is physically "in possession of real property . . ." *Jenkins v. Jenkins*, 211 Va. 797, 798, 180 S.E.2d 516, 517 (1971), for which possession he is responsible for the reasonable rental of the same, *Adkins v. Adkins*, 117 Va. 445, 448-449, 85 S.E. 490, 491 (1915); *Naccash v. Naccash*, 212 Va. 763, 764, 188 S.E.2d 83, 84 (1972); *Schroeder v. Woodward*, 116 Va. 506, 529, 82 S.E. 192, 200 (1914), or where the co-tenant places someone else in possession and receives rents or profits. In this latter case, the co-tenant "shall account for rents and profits *actually received* . . ." *Paxton v. Gamwell*, 82 Va. 706, 709, 1 S.E. 92, 95 (1887) (emphasis in original), and "he is only chargeable with the profits he actually receives . . ." *Eggleston v. Crump*, 150 Va. 414, 420, 143 S.E. 688, 691 (1928); *see also* 5A M.J. *Co-tenancy*, § 24, p. 76, n. 9 (1988 Ed.): "[a] . . . tenant in common . . . is not chargeable with rents and profits where none have been made, provided he has employed the property in good faith with a view to make it profitable . . ."

In the instant case, none of the three co-tenants was ever in physical possession of the property or actually received any rent or profit from the same. There is nothing to account. The property was vacant from February, 1988, to May, 1989, and the occupancy by the Schauls thereafter protected, maintained, and improved the same. Indeed, had the three co-tenants not acted, they could have been liable to the fourth co-tenant for permitting waste.[2]

In accordance with the foregoing, the Exception to the Commissioner's Report is overruled.

The Commissioner's fee of $675.00, the expert witness fee of $350.00 to Kenneth W. Sullivan, the expert witness fee of $300.00 to Harold Gardner, and the Maddox Reporting

---

[2] Section 55-212 recites in part: "If a tenant in common . . . commit waste, he shall be liable to his co-tenants, jointly or severally, for damages.

Service fee of $178.20 are each found reasonable, are approved, and, unless already advanced, are ordered paid from the proceeds of the sale of the real property.