## CIRCUIT COURT OF LOUDOUN COUNTY

James M. Cole

v.

Patricia M. Cole

### March 17, 1992

### Case No. (Chancery) 13792

BY JUDGE JAMES H. CHAMBLIN

After hearing evidence *ore tenus* in this partition suit on February 11, 1992, the Court made certain rulings from the bench, and counsel have submitted memoranda on the following issues which the Court took under advisement:

1. The obligation, if any, of Mrs. Cole to pay rent to Mr. Cole; and

2. The obligation, if any, of Mrs. Cole for the real estate taxes paid by Mr. Cole from 1980 to 1986.

For the reasons hereinafter set forth, the Court decides and rules as follows:

1. That Mrs. Cole is liable to Mr. Cole for one-half of the monthly rental from July 29, 1991 (date of entry of final divorce decree) to the date that she is no longer in exclusive possession of the subject property.

2. That Mrs. Cole is not liable to Mr. Cole for any portion of the real estate taxes that he paid on the subject property from 1980 to 1986.

### *Rent Issue*

At common law one co-tenant was not liable to account to the other co-tenant regardless of the amount of use. 5A M.J., *Co-tenancy*, Section 41. The rule has been changed by statute in Virginia to provide that an accounting in equity may be maintained by one joint

tenant, tenant in common, or coparcener against the other for receiving more than "his just share or proportion." Virginia Code Section 8.01–31. The statute only gives the remedy to joint tenants, tenants in common, and coparceners. The statute excludes a tenancy by the entirety. Therefore, neither Mr. or Mrs. Cole can seek an accounting under § 8.01–31 for the period they owned the property as tenants by the entirety.

As a result of the divorce decree entered July 29, 1991, the parties' tenancy converted to a tenancy in common, and the accounting statute became applicable. After the final decree was entered, Mrs. Cole did not take any affirmative action to oust Mr. Cole of possession. She specifically advised Mr. Cole that he had free access and use of the property and provided him a key to the house. Where a co-tenant is in exclusive possession of the property, he is liable to account for its reasonable rental value to his co-tenant. *Naccash v. Naccash*, 212 Va. 763, 764 (1972); *Adkins v. Adkins*, 117 Va. 445, 448–49 (1915). Mrs. Cole has had exclusive possession of the property since the entry of the final decree. In *Adkins* the Virginia Supreme Court stated:

> While there never was any ouster of his co-tenants, the use and enjoyment by the complainant was *exclusive in the sense that it was never interfered with by his brothers or sisters during the period of his control.* The facts and circumstances of the case present a situation where the tenant in common occupying the premises to the exclusion of his co-tenants is accountable for receiving more than his just share or proportion. (Citations omitted). (Emphasis mine).

117 Va. at 448. The Court further stated:

> Where a tenant in common uses the property to the total or partial exclusion of his co-tenants, an accounting to such co-tenants may be had, under the statute, for so much of the rents and profits as the tenant in possession and use may have received or should be charged with if such possession and use had been exclusive; *and the best measure of his accountability is a fair rent of the property so occupied and used by him.* (Emphasis mine).

117 Va. at 448.

The above language has equal applicability to Mrs. Cole. At the hearing, the Court found that the fair monthly rental is $1,000.00 per

month. Therefore, Mrs. Cole is liable to Mr. Cole for $500.00 for each month that she remains in exclusive possession of the property.

## Real Estate Taxes Issue

Even though Mr. and Mrs. Cole were separated and living apart during 1980 to 1986, they were still married and owned the property as tenants by the entirety. The characteristic that distinguishes a tenancy by the entirety from the other forms of concurrent ownership of property is that it is the only one with all five unities, i.e. time, title, interest, possession and person. The last unity (person) is only found in a tenancy by the entirety. Husband and wife are treated as one person and as if each one owns a whole distinct moiety. *See* Virginia Code § 55–20. There is, therefore, no other co-tenant from which the husband or wife can seek an accounting or contribution for monies spent to preserve the property. The intent of Mr. Cole in paying the real estate taxes from 1980 to 1986 is immaterial. This case points up one of the arguments advanced which led to the adoption of the equitable distribution statute. Accordingly, Mrs. Cole is not liable to Mr. Cole for any of the real estate taxes which he paid from 1980 to 1986.