## CIRCUIT COURT OF FAIRFAX COUNTY

Amburn

v.

Dougherty

April 26, 1995

Case No. (Chancery) 108720

BY JUDGE JACK B. STEVENS

This matter was taken under advisement to consider Complainant's Exceptions to the Report of the Commission in Chancery. The Court overrules Complainant's Exceptions Nos. 1, 3, 5, 6, 7 and makes the following determinations on the remaining Exceptions.

### Complainant's Exception No. 2

The Commissioner's finding that the Defendant is entitled to recover 40% of the fair rental value of the marital home from entry of the Final Decree on September 6, 1990, through transfer of title on March 20, 1992, is sustained. It was determined in the Final Decree that the Complainant was entitled to 60% of the net value of the former marital home, and the Defendant was entitled to 40% of the net value. The evidence suggests and Complainant's memorandum admits that rent was not addressed in the Final Decree because all that remained to be completed was the listing and sale of the property. A two-year time period for these ministerial acts was not contemplated by the Defendant nor this Court. During this time period, Complainant maintained exclusive possession of the home.

It is well established that a co-tenant in exclusive possession of joint property is liable for a portion of the fair rental value. *Naccash v. Naccash*, 212 Va. 763 (1972); *Gaynor v. Hird*, 11 Va. App. 588 (1992). The expert appraiser's valuation of the monthly fair market rental value of the home is accepted by this Court. Accordingly, the Defendant's share of the monthly rental value is $540.00. In addition, the Commissioner's finding

that the Defendant shall be entitled to simple interest on her share of the monthly rental value is sustained. However, since the Defendant did not contribute to the mortgage payments on the house during this time period, the Complainant is entitled to a credit equal to 40% of the mortgage payments paid by him from September 6, 1990, through March 20, 1992. This shall be credited against the total rent and interest owed to the Defendant by the Complainant.

### *Complainant's Exception No. 4*

Complainant's Exception No. 4 is sustained. All costs of sale of the home shall be split evenly between the parties. The costs of sale shall be deducted from the equity before it is divided between the parties. In addition, the Complainant shall be reimbursed for 40% of all taxes which accrued on the home from September 6, 1990, to March 20, 1992, that were paid in full by the Complainant. This reimbursement shall be taken from Defendant's portion of the proceeds of the sale, unless the parties otherwise agree.

The remaining Exceptions to the Commissioner's Report are overruled.