# CIRCUIT COURT OF NELSON COUNTY

Oscar Clayborne

v.

Audrey C. McClain et al.

April 11, 2006

Case No. CH05-0061

BY JUDGE J. MICHAEL GAMBLE

I am writing to give my decision in this case. I find that the proper parties are before the court. I find that the value of the real estate in this case is $9,160.00. I find that the owners of this real estate, and the percentage of their ownership, is set forth on Attachment A to this letter. In accordance with this finding, Oscar Clayborne has a 1/4th interest and Aubrey and Nancy McClain have a joint 1/8th interest. I find that the real estate has no liens except possibly the lien for Nelson County real estate taxes that have accrued. I find that partition cannot conveniently be made between the owners due to the small size and configuration of the real estate, together with the number of owners of the real estate. I order that the real estate be sold and the net proceeds of the sale be distributed among the owners in accordance with the ownership interest found in this opinion. Mr. Martin is appointed Special Commissioner to sell the real estate. He is directed to post bond in the amount of $9,000.00, with corporate surety approved by the clerk.

The ownership interest found by the court in this letter is the same ownership interest in the real estate found by the court in *Commonwealth Transportation Comm'r v. Aubrey C. McClain, Jr., et al.*, CL02-0051. All of

24

the parties in the instant case were joined in the condemnation case. By order dated February 13, 2004, the court found that the owners and the ownership interest in this real estate are as set forth on Attachment A. In the condemnation case, it was essential to determine the owners and the ownership interest in order to properly disburse the funds in the condemnation proceeding. Accordingly, this is an issue that has been litigated to a conclusion between the parties in a prior court proceeding. The plaintiff is thereby precluded under the doctrine of collateral estoppel from maintaining a different result in this case. *Scales v. Lewis*, 261 Va. 379, 541 S.E.2d 899 (2001). Thus, the motion of the plaintiff to recalculate the ownership interest is denied and the motion of the McClains to apply the ownership interest found by the court in the previous litigation is adopted in this case.

The remaining issue is whether Oscar Clayborne should be granted judgment against the defendants, Aubrey and Nancy McClain, for rental income they received from the real estate. Under the evidence in the case, it was established that Mr. and Mrs. McClain leased this real estate as a mobile home site from 1988 through 2005. During this period, they made improvements to the real estate to make it suitable as a mobile home site and paid liability insurance, real estate taxes, and the electrical bill. Also, during this period of time, the McClains believed that they owned a 8/14ths interest in this real estate. Pursuant to the findings in the condemnation case, however, their interest was found to be a 1/8th interest.

Oscar Clayborne did not realize that he had an ownership interest in this real estate until 2004 when the condemnation case was instituted. He lived within 200 yards of the property and knew about the improvements made to the property. However, because he did not know of his ownership interest until 2004, he did not take any action.

Where a tenant in common uses real estate to the exclusion of his cotenants, an accounting to such cotenants may be had for the rents and profits the tenant in possession received for the real estate. *Paxton v. Gamewell*, 82 Va. 706, 1 S.E. 92 (1887). It is not necessary for there to be an ouster of the cotenants, there must simply be an exclusive use by one of the tenants. *Adkins v. Adkins*, 117 Va. 445, 448, 85 S.E. 490 (1950). In the instant case, Mr. and Mrs. McClain exercised exclusive use of the premises. Va. Code § 8.01-31 provides for an accounting in equity when one tenant in common receives more than his share or proportion of the proceeds. Accordingly, because Mr. and Mrs. McClain had exclusive occupancy of the premises and received all of the funds from the rental proceeds, they are responsible to account to the plaintiff for his share.

I find that the rent received from 1988 through 2005 was $21,400.00. The expenses incurred by the McClains to rent and maintain the premises are $11,138.00. Accordingly, there is a net rental income of $10,262.00. The plaintiff should have received 25% of the rental income representing his ownership interest. Therefore, the plaintiff's share of the rental proceeds is $2,565.50.

Mr. and Mrs. McClain have a 1/8th share in the value of the real estate. The value of their share is $1,145.00. This $1,145.00 will be credited against the amount due to the plaintiff, and the plaintiff will receive the proceeds from the McClain interest in the real estate sale proceeds. Because $1,145.00 is credited against the $2,565.50 owed Mr. Clayborne from the rent proceeds, the net due from Mr. and Mrs. McClain to the plaintiff is $1,420.50. Accordingly, judgment is granted in favor of the plaintiff against Mr. and Mrs. McClain in the amount of $1,420.50. Interest at the judgment rate will accrue from the date of the entry of the order.

The plaintiff has sought interest on the rental proceeds at the legal rate from the date of their accrual. Va. Code § 8.01-382 provides that a court may fix the period at which interest shall commence. In this case, I am directing that the interest commence on the date of the judgment order rather than an earlier period of time because the plaintiff waited approximately sixteen years to institute this action. Had the plaintiff been vigilant and brought this matter to the attention of Mr. and Mrs. McClain at an earlier time, he would have received his portion of the proceeds. The McClains should not be penalized for the lack of diligence of the plaintiff to ascertain his property interests and take action to protect those interests.

*Attachment A*

*Ownership Interest*

Oscar Clayborne 1/4 (.25)
Sally Clayborne heirs 1/4 (.25)
Lee Essie Clayborne heirs 1/4 (.25)
Aubrey & Nancy McClain 1/8 (.125)
Mary Parker 1/40 (.025)
Frances Hughes 1/40 (.025)
Juanita Blassingame 1/40 (.025)
Margaret Davis 1/40 (.025)
Howard Clayborne 1/40 (.025)