## Staunton.

GROVE AND ANOTHER V. GROVE AND ANOTHER.

September 18, 1902.

1. PARTITION—*Unequal Payments—Cross-Bill—Voluntary Alienees.*—In a suit for partition brought by the voluntary alienee of one of the grantees of real estate against the other grantees, the latter may, by cross-bill, assert a lien on the share conveyed for the grantor's share of the purchase money which had been paid by the other grantees. Such voluntary alienee occupies no higher plane in relation to the property than his grantor did.

2. PARTITION—*Equity Jurisdiction—Adjustment of Equities—Liens—Statutory Provisions—Code, Chap. 114.*—Courts of equity have jurisdiction of suits for the partition of real estate, and the application for the exercise of that jurisdiction is not now addressed to the sound discretion of the court, but may be made as a matter of right. In decreeing partition, a court of equity will adjust all the equitable rights of the parties interested in the property, and if one of the co-tenants has paid more than his just share of an encumbrance on the common property, or advanced more than his proportion of the purchase money, the court may decree that payment of the excess be made to him, and, in default of such payment that the share of the tenant in default may be sold to satisfy the amount equitably due from such share. In this State jurisdiction of suits for partition is conferred on courts of equity by express statutory provision, and they are clothed with authority to apply the dividends of any party in interest to the payment of the liens thereon. Code, Chap. 114.

3. CONTRIBUTION—*Co-Tenants—Liens—Purchase Price.*—One tenant who discharges a lien on the common property, or pays more than his share of the purchase price is entitled to ratable contribution from his co-tenants.

4. PARTITION—*Purchase Money—Lien—Statute of Limitations.*—The right of a tenant to enforce against the share of his co-tenant the equitable lien arising from the payment, by the tenant, of more than his share of the purchase money does not arise until suit for partition

is brought, and the statute of limitations has no application to such suits.

Appeal from decrees of the Circuit Court of Frederick county, pronounced June 7, 1901, and November 22, 1901, in a suit in chancery wherein the appellant, Virginia Grove, was the complainant, and the appellees were the defendants. To a cross-bill filed by the defendants the appellants, J. W. Taylor, administrator of J. R. Grove, and Virginia Grove, were made defendants. This appeal was awarded on the petition of the above mentioned defendants to the cross-bill.

*Affirmed.*

The opinion states the case.

*Barton & Boyd* and *W. M. Atkinson,* for the appellants.

*W. Roy Stephenson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity brought by Virginia Grove, widow of John R. Grove, deceased, against Franklin C. Grove and William B. Grove, brothers of decedent, to compel partition of real estate.

The property in question was conveyed to the brothers jointly. One-third of the purchase price was paid in cash, and for the deferred instalments the parties made promissory notes, executing a contemporaneous deed of trust upon the subject to secure their payment.

The case made by the bill is that the property was paid for by the grantees, each contributing his one-third part of the purchase price, and that afterwards, John R. Grove, for a valuable consideration, conveyed his share to complainant.

By their answer, the defendants admit the joint purchase and conveyance of the property, but insist that John R. Grove was admitted as co-purchaser under an express agreement, and upon

condition that he would contribute one-third part of the purchase money, and, in pursuance of that understanding, was included as a grantee in the deed; that he paid no part of the purchase price, asserted no claim to any beneficial ownership of the property, and abandoned all connection with the transaction; that notwithstanding the foregoing facts, before the last instalment of purchase money was due, he conveyed all his supposed interest in the property to his wife, which conveyance was purely voluntary.

Subsequently, John R. Grove removed with his wife to the city of Washington, where he died in May, 1895, and she has ever since been a non-resident of the State.

Iterating their denial that John R. Grove paid any part of the purchase money, and the averment that Virginia Grove was a mere volunteer, they pray that the deed to her may be cancelled, and the share in the property conveyed to her husband declared to be in trust for them, and the bill dismissed.

At the June term, 1901, the court below decreed that Franklin C. Grove and William B. Grove owned jointly a two-thirds undivided interest, and Virginia Grove a one-third undivided interest in the real estate in controversy; but gave leave to the defendants to file an amended answer and cross-bill, which the decree recites was accordingly done. The personal representative of John R. Grove was admitted a party to the litigation, and he and Virginia Grove, by answer, interposed the statute of limitations as a defence to the demand asserted in the cross-bill. The three years bar, and the limitation of five years, so far as the claim was intended to affect the estate of John R. Grove, deceased, were both relied on.

In the decree appealed from, the trial court adhered to the conclusion reached in the former decree as to the *quantum* of interest of the parties in the property, but established an equitable lien in favor of appellees for one-third of the purchase price on the share of Virginia Grove; and, subject to the usual pro-

vision for redeeming, directed a sale of that share to satisfy the lien. It was also held that the defence of the statute of limitations had no application to the equitable lien which the court had established, but did constitute a bar to a personal recovery against Virginia Grove. The plea was likewise sustained as to the demand against the estate of John R. Grove, deceased, and the cross-bill dismissed as to his personal representative. It is not perceived, therefore, how that appellant is aggrieved or prejudiced by the decree appealed from.

Appellants further insist that the cross-bill is amenable to the objection that it is not in aid of any defence relied on in the original pleadings, but undertakes to introduce new and independent matter, which did not arise since the institution of the suit; and that it makes a new party, and is multifarious.

So far as these assignments of error are concerned, it is only necessary to observe, whatever intrinsic merit they may possess, that the original pleadings in the cause were quite sufficient to warrant the court, under the evidence, in granting the relief accorded by the decree complained of.

The evidence sustains the conclusions of the court below:

1st. That, while the property in controversy was conveyed to appellees and John R. Grove jointly, neither he nor his grantee, Virginia Grove, paid any part of the purchase price, and that both were insolvent; and,

2d. That the conveyance from John R. Grove to his wife of an undivided one-third interest in the subject, was not upon a consideration deemed valuable in law, but voluntary.

She could occupy, therefore, no higher plane in relation to the property than did her grantor. *Lockhardt* v. *Van Dyke*, 97 Va. 363.

While proceedings for partition had their origin in the common law courts, it is a subject over which courts of equity have for more than a century assumed almost exclusive jurisdiction. So thoroughly has that jurisdiction been established that an ap-

plication for its exercise is not now addressed to the sound discretion of the court, as in cases for specific performance, and other remedies of like nature, but it is said to be due *ex debito justitiæ.*

Mr. Minor says, in that connection, that "it is a remedy substituted for the difficult and perplexed remedy by writ of partition, the necessity of discovery of titles, the inadequacy of the remedy at law, the difficulty of making the appropriate and sometimes indispensable compensatory adjustments, the peculiar remedial processes of courts of equity, and their ability to clear away all intermediate obstructions against complete justice, having led to a general concurrent jurisdiction on the part of those courts with courts of law, in all cases of partition." 2 Min. Inst. (2d ed.), 416.

And Judge Story remarks that "in all cases of partition, a court of equity does not act merely in a ministerial character, and in obedience to the call of the parties, who have a right to partition; but it founds itself upon its general jurisdiction as a court of equity, and administers its relief *ex æquo et bono,* according to its own notions of general justice and equity between the parties. It will, therefore, by its decree, adjust all the equitable rights of the parties interested in the estate." 1 Story's Eq. Jur. (11th ed.), sec. 656b; Freeman on Cotenancy and Partition (2d ed.), sec. 505.

In enumerating the equities which may be adjusted and enforced in such proceedings, the latter author says: "If one of the co-tenants has paid more than his just share of an encumbrance on the common property, or has advanced more than his proportion of the purchase money, the court may decree, that payment of the excess be made to him, and in default of such payment, that the moiety of the tenant in default may be sold to satisfy the amount equitably due from it." Freeman on Cotenancy and Partition (2d ed.), sec. 506; *Tompkins* v. *Mitchell,* 2 Rand. 428; *Ballou* v. *Ballou,* 94 Va. 350.

Jurisdiction of suits for partition is conferred by statute upon courts of equity in this State, and they are clothed with authority where there are liens by judgment or *otherwise,* on the interest of any party, to apply the dividends of such party in the proceeds of sale to the discharge of such lien. Code of Virginia, chap. 114.

The right of a co-tenant, who discharges an encumbrance upon the common property, or pays more than his share of the purchase price, to ratable contribution from his co-tenants, is said to arise out of the trust relationship which exists among joint owners of property, rather than by way of subrogation. But whatever may have been its origin, the doctrine is firmly established by the authorities, and was properly applied by the Circuit Court to the facts of this case.

The contention of appellants that the equitable lien established in behalf of appellees is barred by the statute of limitations, is without merit. Indeed, the question has been decided adversely to that view by this court in the recent case of *Ballou* v. *Ballou,* cited above, where it was held, that the right to enforce demands of that character does not accrue until suit for partition is brought, and that statutes of limitation have no application to such suits.

There is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*