# Richmond

## June S. Jenkins v. Elmer C. Jenkins.

April 26, 1971.

Record No. 7379.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Paul Lee Sweeny*, for appellant.

No brief filed on behalf of appellee.

Cochran, J., delivered the opinion of the court.

The questions presented by this appeal are the extent to which

June S. Jenkins, a tenant in common in possession of real property, is, upon sale of the property, entitled to reimbursement for mortgage payments made by her and the extent to which she is required to pay real estate taxes assessed against the property.

June S. Jenkins was granted an absolute divorce from Elmer C. Jenkins on the ground of desertion by final decree entered by the Circuit Court of Fairfax County on May 8, 1966. The tenancy by the entirety under which the parties had owned certain real property in Fairfax County was thereby converted into a tenancy in common under the provisions of Code § 20-111. Mrs. Jenkins thereafter continued to reside in the property with the five minor children whose custody had been awarded to her.

This chancery cause was instituted August 26, 1966 by Jenkins to obtain partition of the property by sale. Mrs. Jenkins filed her cross-bill therein seeking reimbursement for sums paid by her in preserving, repairing and maintaining the property and in meeting the monthly mortgage installments. In his answer to the cross-bill Jenkins alleged that the mortgage payments and real estate taxes were included in the payments for alimony and child support made by him pursuant to the divorce decree.

The cause was referred to a commissioner in chancery before whom depositions of witnesses were taken. In his report filed February 16, 1968, the commissioner set forth the status of the title and recommended partition by sale. He also recommended that Mrs. Jenkins be allowed no reimbursement for repairing, maintaining and preserving the property as he found no "acceptable" evidence of any payments made by her for these purposes. He further recommended that she be allowed no reimbursement for mortgage payments because he concluded that it was intended by the final divorce decree of May 8, 1966 that she make these payments. He found that after that date Jenkins was denied any use of the property or any rental therefrom. Unpaid real estate taxes beginning with the year 1964 were reported in the list of liens to be discharged from the proceeds of sale.

All exceptions to the commissioner's report were overruled, the report was approved by the court, and special commissioners appointed for the purpose sold the property on October 4, 1968. By final decree entered April 3, 1969, the court reaffirmed its prior ruling which denied reimbursement to Mrs. Jenkins for payments made by her on the mortgage and for repairs and maintenance, and further directed that all real estate taxes from May 8, 1966 to October 4,

1968 be charged against her share of the net proceeds of sale. We granted her an appeal from the final decree.

Mrs. Jenkins maintains that after May 8, 1966, she paid a total of $3999.51 for mortgage installments and improvements and repairs for which she is entitled to reimbursement. It appears from the record that $173.35 of the $3999.51 represented the aggregate amount claimed by her as payments for improvements and repairs which the commissioner in chancery disallowed because of insufficient supporting evidence. This finding of the commissioner, approved by the court, will not be disturbed by us. So we will consider only the mortgage payments in the aggregate sum of $3826.16 for which Mrs. Jenkins was denied reimbursement and, in addition, the real estate taxes with penalty and interest, from May 8, 1966 to October 4, 1968 aggregating $1174.10 charged against her.

The commissioner in chancery reported and the chancellor in his opinion letter dated February 11, 1969 agreed, that the court in the earlier divorce proceeding intended for Mrs. Jenkins to make the mortgage payments from the sum of $525 payable to her each month by Jenkins. But the key to our inquiry is the final divorce decree of May 8, 1966 which directed Jenkins to pay to Mrs. Jenkins the sum of $200 per month as alimony and the additional sum of $325 per month for the support and maintenance of the five minor children.

There was no reference therein to earlier decrees. There was no restriction placed on the distribution of the moneys by Mrs. Jenkins. There was no provision requiring her to pay mortgage installments or real estate taxes. No part of the alimony was designated for any particular purpose. Hence Mrs. Jenkins was free to use these funds as she saw fit. *See Fearon* v. *Fearon,* 207 Va. 927, 154 S. E. 2d 165 (1967).

While we recognize the danger that injustice may occasionally arise from its application, we believe that the rule is sound that a husband must pay in accordance with the court decree. *Newton* v. *Newton,* 202 Va. 515, 519, 118 S. E. 2d 656, 659 (1961). If conditions have changed, he has the privilege of applying to the court for modification of its terms, as Jenkins did successfully in obtaining a reduction in child support payments from $325 per month to $250 per month.

The doctrine is firmly established that a co-tenant who discharges an encumbrance upon the common property is entitled to ratable contribution from his co-tenant. *Grove* v. *Grove,* 100 Va.

556, 42 S. E. 312 (1902). *See* Annot., 48 A. L. R. 2d 1305 (1956). Indeed, the ". . . central characteristic of a tenancy in common is simply that each tenant is deemed to own *by himself*, with most of the attributes of individual ownership, a physically undivided part of the entire parcel." T. Bergin & P. Haskell, *Preface to Estates in Land and Future Interests* 58-59 (1966). Hence, unless something more can be shown than the mere fact that one co-tenant is in possession of the premises, each co-tenant should be ratably responsible for taxes and other liens against the property.

In his opinion letter of February 11, 1969 the chancellor stated that all real estate taxes for the period from May 8, 1966 through October 4, 1968 should be charged to Mrs. Jenkins because her use and occupancy of the property after the divorce in effect excluded Jenkins therefrom. Therefore, by authority of *Early* v. *Friend*, 16 Gratt. (57 Va.) 21, 49 (1860), construing the statute (now Code § 8-514.1[1]), Mrs. Jenkins was accountable to her co-tenant for the fair value of his interest in the property. The chancellor then pointed out that, as the real estate taxes averaged about $40 per month, requiring Mrs. Jenkins to pay them would be equivalent to charging her rent of only $20 per month. So he offset rent against taxes.

The difficulty with this conclusion is that Mr. Jenkins had never asserted a claim for Mrs. Jenkins' use and occupancy of the property and, as the chancellor stated in his opinion, ". . . still makes no such demand." Nor did Jenkins ever offer evidence of the fair rental value of his interest. He never pressed the issue of real estate taxes until January 27, 1969, long after the commissioner in chancery by implication had ruled against him and sale of the property had been completed. His position was that under the divorce decree of May 8, 1966 Mrs. Jenkins was required to pay the real estate taxes as well as the mortgage installments. That position we have found to be untenable. *Fearon* v. *Fearon, supra*.

Being of opinion that the trial court erred we conclude that Jenkins should be required to reimburse Mrs. Jenkins for one-half the sum of $3826.16 paid by her on the mortgage after May 8, 1966 and that she should be charged with only one-half rather than all the real estate taxes of $1174.10, including penalty and interest, assessed against the property from May 8, 1966 to October 4, 1968.

---

[1] "An accounting in equity may be had . . . by one . . . tenant in common . . . against the other as bailiff, for receiving more than comes to his just share or proportion . . ."

■ We find no merit in Mrs. Jenkins' assignment of error concerning the proper amount to be withheld from Jenkins' share as security for alimony and child support payments. This was a matter peculiarly within the discretion of the chancellor to determine.

*Affirmed in part; reversed in part; and remanded.*