## CIRCUIT COURT OF THE CITY OF NORFOLK

James M. Hollett

    v.

Ruth G. Hollett and
Old Point National Bank

July 30, 1986

Case No. (Chancery) C85-1268

By JUDGE THOMAS R. McNAMARA

The area of primary dispute reflected by the exceptions and briefs is in the determination of the credits due the parties upon a sale of the vessel and subsequent accounting between them.

It is the view of the court that those items of expense related to ownership rather than use were the mortgage payments, the personal property taxes and Coast Guard registration fee. These were the joint obligations of the parties as tenants in common during the period in question. The husband paid them all, viz. mortgage payments of $22,260; personal property taxes of $282.63; and registration fee of $51.00. Half of each such payment made was made on behalf of the wife's interest in the property and should be credited to the husband. The differentiation between payments of principal and interest on the mortgage is not appropriate. The question is not whether one's equity is benefited from such payments, but whose obligation was being paid. See *Jenkins* v. *Jenkins*, 211 Va. 797 (1971), where the Virginia Supreme Court said:

The doctrine is firmly established that a co-tenant who discharges an encumbrance upon the common property is entitled to ratable contribution from his co-tenant. *Grove* v. *Grove*, 100 Va. 556, 42 S.E. 312 (1902). See Annot., 48 A.L.R.2d 1305 (1956). Indeed, the ". . . central characteristic of a tenancy in common is simply that each tenant is deemed to own by himself, with most of the attributes of individual ownership, a physically undivided part of the entire parcel." T. Bergin and P. Haskell, Preface to Estates in Land and Future Interests 58-59 (1966). Hence, unless something more can be shown than the mere fact that one co-tenant is in possession of the premises, each co-tenant should be ratably responsible for taxes and other liens against the property. 211 Va. 797, 799-800 (1971).

During the period in question the husband continued to use the vessel. This was by his own choice and for his own purposes. Those of his wife would have been equally served by storing the boat or disposing of the same. In the course of such use he incurred certain expenses for which he claims credit upon an accounting, viz. slip rental of $2,256.05; maintenance of $1,053.00; and insurance of $1,422.00. These claims will be denied as mere running expenses, not improvements to enhance the value of the property, and voluntarily incurred. *Shotwell* v. *Shotwell*, 202 Va. 613 (1961).

The claim of the wife for fair rental value during the co-tenancy will also be denied. In Virginia, rent is due by one co-tenant in common to another when he has in effect *excluded the others* by his sole occupation. *Early & Wife* v. *Friend, et al.*, 57 Va. (16 Gratt.) 21, (1860). See also *White et al.* v. *Stuart, Buchanan & Co.*, 76 Va. 546, 567 (1882), as follows: "one tenant in common, or joint tenant, *occupying the premises to the exclusion of his co-tenants*, is accountable for receiving more than his just share, whether paid by a stranger or derived from his use and occupation of the property." (Italics supplied.) But, "*the occupation of one, does not necessarily exclude the occupation of others.* They cannot, by remaining out, make the occupying tenant their bailiff

against his will." *Early & Wife* v. *Friend et al.*, 57 Va. (16 Gratt.) 21 (1860). (Italics supplied.)

Here the husband has not in fact, or in effect, excluded the wife. The vessel was their residence. She grew to detest it, voluntarily left the vessel in her husband's possession seven months after its purchase, and "has not since set foot" thereon. (Commissioner's Report, p. 2.) Her departure was in 1980; the divorce in 1983; the husband stopped living aboard in 1984 or 1985. His sole occupancy during the entire period resulted from her voluntary departure, not his exclusion of her, and the divorce three years after her departure does not change this.

Under the long standing Virginia cases above mentioned, the wife's act is absenting herself from the vessel, without more, does not operate to impose a lease of her property interest upon the co-tenant husband left in possession. Nor does it create a circumstance under which he must either deny himself the benefit of his own interest in the vessel or become indebted to her for the enjoyment of it.

The commissioner's recommended apportionment of costs equally between the parties and his computation thereof, including appraiser's fees, will be adopted.

Accordingly, exceptions to the Commissioner's Report are sustained and overruled consistently with the foregoing, and counsel for husband will kindly submit an appropriate decree. The above principles will, of course, be applied to all items accruing to the date of the accounting.