## CIRCUIT COURT OF FAIRFAX COUNTY

Mulvey

    v.

William A. Mulvey, Jr.

October 15, 1990

Case No. (Chancery) 106186

By JUDGE THOMAS J. MIDDLETON

This cause came to be heard upon the motion by the guardians for defendant William A. Mulvey, Jr., to require an accounting by the complainant for allowing certain individuals to reside in property held as tenants in common by the parties.

The controlling law in Virginia on this point is derived from the case of *Early v. Friend*, 57 Va. (16 Gratt.) 21 (1860). In that case, one co-tenant of a salt mine worked the mine for his exclusive benefit. Another co-tenant brought an action asking for rents, issues and profits. The statute under consideration contained language identical to the current code section and allowed an action of account to be maintained when one co-tenant received "more than comes to his just share or proportion . . . ." The Court determined that the intention of the statute was to make the co-tenant accountable for receiving more than his just share or proportion of the rents and profits, "whether paid by a stranger or derived from his own occupation and enjoyment of the property . . . ."

In this case, the complainant has occupied the house while it is being offered for sale and allowed relatives to occupy it free of charge. The effect of this was to prevent the property from being rented and additionally effectively preventing the defendant from occupying it.

It has been held, and this Court agrees, that the occupation of residential property by one co-tenant following a divorce excludes the other co-tenant therefrom. See the reference to the opinion of the chancellor in *Jenkins v. Jenkins*, 211 Va. 797, 800 (1971).

The complainant argues that before a co-tenant is entitled to an accounting, he must make a formal demand for rents. This argument is based upon language in *Jenkins v. Jenkins, id*.

In *Jenkins*, Mr. Jenkins sought a partition of property held as tenants in common with his ex-wife following their divorce. In her cross-bill, the wife sought reimbursements for sums paid by her in preserving, repairing, and maintaining the property and in meeting the monthly mortgage payments. In his answer to the cross-bill, the husband alleged that his share of these costs had been provided for in his payments of alimony and child support.

The cause was referred to a commissioner in chancery, who found that the husband was to be liable for his share of the real estate taxes but went further and determined that these amounts were offset because Mr. Jenkins had been excluded from the property.

On appeal, the Supreme Court of Virginia held that "[t]he difficulty with this conclusion is that Mr. Jenkins had never asserted a claim for Mrs. Jenkins' use and occupancy of the property and, as the chancellor stated in his opinion, 'still makes no such demand.' Nor did Jenkins ever offer evidence of the fair rental value of his interest." *Id*. The above-quoted language led complainant herein to conclude that a formal demand was necessary before an accounting could be had. The better interpretation, consistent with *Early v. Friend, supra*, is that Mr. Jenkins had not sought an accounting in his bill of complaint or in his answer to the cross-bill, and therefore, the Commissioner was precluded from considering that issue.

In the case now before the Court, Mr. Mulvey, by counsel, has brought a motion for an accounting. Under Virginia Code § 8.10-31 and the interpretation of identical language in *Early v. Friend, supra*, the defendant is entitled to an accounting.

It is the Court's recollection that complainant's own occupation of the residence was by agreement of the parties. If this recollection is not accurate, counsel

should alert the Court to the proper facts. When Mrs. Mulvey permitted others to live on the premises, however, she received more than her "just share or proportion" within the meaning of the Va. Code § 8.01-31 and should account for these profits.

The measure of the accounting in this case, though possibly difficult in proof, is simply in theory. In *Early v. Friend, supra,* the Court stated:

> When, instead of renting it out, he occupies and uses the whole to the exclusion of his co-tenants, and thus, in effect, becomes himself the renter, there is more difficulty; but it seems to me that the just and true rule is to charge him with a reasonable rent for the use and occupation of the property in the condition in which it was when he received it and to hold him accountable to his co-tenants for their just shares of such rent . . . . It is just to the occupying tenant, who having occupied and used the property instead of renting it out, ought to be accountable to the same extent as if he had rented it out and received the rent.

*Id.* at 53.

Accordingly, Mr. Mulvey is entitled to receive one-half the fair market value of the rental to third parties who resided at the property. The Court will require evidence to be presented regarding the factual issues in this case.