## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Elizabeth Knauth George

v.

John Kirk George

October 6, 1993

Case No. CH93–108

By Judge William H. Ledbetter, Jr.

In this case, the court must decide whether the equitable relief sought in the cross-bill is available in this partition suit.

According to Mrs. George's bill of complaint, Mr. and Mrs. George acquired the subject property as tenants by the entirety in 1971 while married to one another. They were divorced in 1979, but their co-ownership continued. Mrs. George seeks a judicial sale and distribution of the net proceeds.

Mr. George answered and filed a cross-bill. In the cross-bill, he asserts that during their marriage, Mrs. George withdrew $24,000.00 from the parties' joint bank account and purchased property titled solely in her name. Because the parties' property was not divided by agreement or decree when they divorced, Mr. George contends that he should receive credit in this suit for "at least one-half of the present fair market value of the real estate purchased by [Mrs. George]." In the alternative, he asks the court to partition the funds that Mrs. George withdrew from their joint bank account, pursuant to Virginia Code § 8.01–93. As a further alternative, he suggests that the court should direct a sale of Mrs. George's real estate and distribute the net proceeds in conjunction with the partition of the property that is the subject of this suit.

Mrs. George filed a demurrer to the cross-bill, alleging that the pleading does not state facts upon which the relief sought can be granted.

When the court considers a demurrer, the allegations contained in the pleading under attack, and all reasonable inferences that can be drawn from the allegations, are deemed true. Virginia Code § 8.01–273; *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134 (1980). Further, only the pleadings can be considered. Other papers, such as a copy of the parties' divorce decree that Mrs. George attached to her demurrer, cannot be considered. If matters outside the pleadings must be considered in order for the court to understand and rule upon the demurrant's contention that the pleading is deficient, a demurrer is not the appropriate means by which the issue is raised. In this instance, however, the copy of the parties' divorce decree attached to the demurrer is superfluous. The cross-bill acknowledges the parties' marriage and divorce and further states that no adjudication of the parties' property was made at the time of divorce or at any subsequent time. Thus, the court can rule on the demurrer without resorting to the attachment.

Partition is an equitable remedy governed by statute (Virginia Code § 8.01–81 et seq.). A court having general jurisdiction of real estate has authority to compel partition at the instance of any of the co-owners and to settle all questions of law affecting legal title to the property. Virginia Code § 8.01–81; *Effinger v. Hall*, 81 Va. 94 (1885); *Cauthern v. Cauthern*, 196 Va. 614 (1955).

Mrs. George's right to compel partition is obvious. When the parties divorced, their ownership interests in the subject property were converted from tenants by the entirety to tenants in common. As such, their ownership is partitionable.

As a rule, co-tenants own equal shares; each co-tenant's interest is the same as that of each of his or her companions. 2 Minor, *The Law of Real Property* (2d ed. 1928) § 841. The presumption of equal shares may, of course, be rebutted. Where two persons purchase property jointly and one of them pays more than his or her share of the purchase price, or discharges a lien, the co-tenant who pays more than his or her share may be entitled to a ratable contribution from the other co-tenants upon partition. *Grove v. Grove*, 100 Va. 556 (1902); 5A M.J., *Co-tenancy*, § 38 and 39. In this manner, the court has authority to settle accounts between the parties involving the property being partitioned. 14A M.J., *Partition*, § 14.

While the rights of the parties to the property, and all questions affecting legal title of that property, are appropriate inquiries in a par-

tition suit, this principle does not extend to matters of general indebtedness between the parties. *Adkins v. Adkins,* 117 Va. 445 (1915).

Further, the equities of the parties in a partition suit cannot be determined by reference to the principles that guide courts in making an equitable distribution of marital property upon dissolution of the marriage. The various monetary and nonmonetary contributions to the *relationship* (in contrast to contributions to the specific property), and the other factors listed in § 20–107.3, are not relevant to a partition of property co-owned by persons not married to one another. *See, Mato v. Birney.* [31 Va. Cir. 498 (1992).]

Applying those principles here, we now analyze the relief sought in Mr. George's cross-bill. First, he asserts that he should receive credit *in this suit* for at least one-half the present value of property that Mrs. George purchased with joint funds but titled in her own name prior to the parties' separation. For the reasons stated, this relief is unavailable. The court has no authority to balance the equities of the parties with respect to funds they accumulated during their marriage, which ended many years ago, or to other real estate not the subject of this suit. As noted above, the court has authority to take cognizance of, and resolve, all questions affecting the legal title of *this* property, and to settle accounts between the parties directly associated with *this* property. Second, Mr. George asks the court to partition the jointly-owned fund with which Mrs. George purchased the other parcel of property. The short answer to that request is that no such property exists. The court cannot partition funds that were expended many years ago. Third, Mr. George claims that the court ought to direct a sale of Mrs. George's other property and divide the proceeds in conjunction with this partition suit so as to do equity between the parties. Again, the court has no authority to settle accounts and balance general equities between the parties except as such matters are directly related to the property to be partitioned. Further, the court cannot compel partition of property that is solely owned by Mrs. George. *See* § 8.01–81.

Although equitable distribution was not known to Virginia law when these parties divorced, they could have resolved these problems, by adjudication if necessary, by other means. Fourteen years later, Mr. George cannot use a partition suit involving one parcel of jointly-owned property to adjust the equities of the parties with respect to

other properties, including old bank accounts, that one or the other, or both, may now own or once owned.

The demurrer is well taken and must be sustained.