# CIRCUIT COURT OF LOUDOUN COUNTY

Mildred R. Harris et al.

v.

Gene Jackson et al.

June 8, 1999

Case No. (Chancery) 18020

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on June 4, 1999, for argument on the exceptions to the report of the Commissioner in Chancery filed by the Petitioners, Mildred R. Harris and Grace D. Harris, and by Delbert S. Shepard by his guardian *ad litem*, Carla Blake Hook.

The Petitioners' exception to the Commissioner's finding that mandatory injunctive relief was not appropriate to order the removal of Gene Jackson's property from the subject property was overruled at the conclusion of the argument.

I took under advisement the exceptions of the Petitioners and the guardian *ad litem* to the Commissioner's finding that Gene Jackson should be awarded $8,305.07 for his payment of the real estate taxes on the subject property from 1978 through 1996.

For the following reasons, the exceptions are sustained.

The Commissioner determined, from the evidence presented, that real estate taxes "were paid from 1978 through 1996 by Gene Jackson or his mother, Elsie Jackson (who quitclaimed her interest to Gene Jackson)." See page 6 of the Commissioner's Report. The Commissioner, on page 7 of his Report, cites *Jenkins v. Jenkins*, 211 Va. 797 (1971), for the doctrine that a co-tenant who discharges an encumbrance upon common property is entitled to a ratable contribution from the other co-tenants.

It is uncontroverted that Gene Jackson did not acquire an interest as a co-tenant in the subject property until 1996 when his mother, Elsie Jackson,

quitclaimed her interest to him. To reach the conclusion that he did, the Commissioner must have felt that when Elsie Jackson quitclaimed her interest to Gene Jackson, it included an assignment of her rights as a co-tenant to contribution for the taxes she or he had paid.

Although the quitclaim deed from Elsie Jackson to Gene Jackson was not offered into evidence before the Commissioner, it is a fair inference that it was the typical quitclaim deed which merely conveyed an interest in real property. A claim for contribution for taxes paid by a co-tenant is not an interest in real property.

Therefore, because Gene Jackson was not a co-tenant when he paid the real estate taxes between 1978 and 1996, he has no claim for a ratable contribution from the co-tenants.

The guardian *ad litem* also excepts to the Commissioner's ruling because there is no proof as to what amounts Elsie Jackson and Gene Jackson each paid toward the real estate taxes from 1978 to 1996. The portions of the transcript presented by counsel of the testimony of Gene Jackson and Elsie Jackson merely show that both of them contributed money to pay the taxes. Neither testified to what amount he or she paid. Therefore, it is not possible to determine from the evidence what amount either paid toward the taxes.

Because Gene Jackson was never a co-tenant until 1996 and because there is a failure of proof as to the amount of taxes paid by Gene Jackson and the amount of taxes paid by Elsie Jackson, the exceptions are sustained.

Even if the quitclaim deed were somehow construed as an assignment of Elsie Jackson's contribution claim to Gene Jackson, he still could not prevail because of the lack of proof of what she paid toward the taxes. Further, Gene Jackson cannot assert Elsie Jackson's claim to contribution because he paid the taxes "for her" because there is no proof of what amount of taxes he paid "for her."