# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

William H. Battiste et al.

v.

Virginia Lucille Watson Smith et al.

February 25, 2004

Case No. CH02-223

By Judge William H. Ledbetter, Jr.

In this partition suit, some of the cotenants take exception to the ratable contributions recommended by the commissioner.

## *Background*

Robert Overton Brooks died intestate in 1948 survived by his wife and five children. He owned a 15-acre parcel of land that is the subject of this suit.

Brooks' widow died in 1963. Some of the children transferred their interest to others by death or conveyance. Thus, the interests in the real estate are:

| | | |
|---|---|---|
| Angela Marcia Battiste | | 1/5 |
| Virginia W. Smith | 1/30 | |
| Alta W. Richardson | 1/30 | |
| Alberta W. B. Harris | | 1/30 |
| Brenda W. Gray | 1/30 | |
| John H. Watson | 1/30 | |
| Silas L. Watson[1] | 1/30 | |
| William and Phyllis Battiste | | 1/5 |

---

[1] The commissioner inadvertently omitted Silas L. Watson from his list of owners. By agreement of the parties, the interests listed above have been adjusted to reflect the correction.

Patsy M. Brooks        1/15
Elvis F. Brooks, Jr.       1/15
Cynthia L. Brooks-Smith    1/15
Alma Brooks         1/5

The commissioner found that all necessary parties are before the court. He determined that the fair market value of the property is $70,000.00. He found that the property is not susceptible of partition in kind. He recommended that the $70,000.00 offer of purchase made by William and Phyllis Battiste, two of the cotenants, be accepted. No exceptions were taken to any of these findings.

The commissioner then addressed several claims for reimbursement.

Phyllis Battiste asserts a claim for $975.00 for the removal of a well from the property. The commissioner recommended that this expense not be charged to the cotenants, for reasons stated in his report. (p. 9.) No exception was taken to that recommendation.

Phyllis Battiste asserts a claim for $1,070.61 for real estate taxes she paid in 2002 and 2003. No exception was taken to this claim, which was recommended by the commissioner.

Phyllis Battiste asserts a claim for $4,465.69 for real estate taxes she says her father paid. Her father, Charles Henry Brooks, was one of the five children of Robert Overton Brooks. He conveyed his interest in the property to Angela Marcia Battiste. He is not a party to this suit. Over the objection of the other cotenants, the commissioner received in evidence an affidavit of Charles Henry Brooks wherein he claimed to have paid real estate taxes on the property for various years beginning in 1961. The commissioner approved this claim, and several cotenants took exception.

Patsy M. Brooks asserts a claim for $2,327.54 for real estate taxes she says were paid by her husband, Elvis F. Brooks. Elvis F. Brooks is deceased. He died in 1990 leaving Patsy M. Brooks as his sole heir. The commissioner approved this claim, and several cotenants took exception.

## Applicable Legal Principles

It is well settled that a cotenant who discharges an encumbrance on the property is entitled to ratable contribution from the other cotenants. Each cotenant is ratably responsible for taxes and other liens against the property. *Jenkins v. Jenkins*, 211 Va. 797 (1971); *Grove v. Grove*, 100 Va. 556 (1902). Also see 14A M.J., *Partition*, §§ 51, 52; 5A M.J., *Cotenancy*, §§ 22-26.

Virginia Code § 8.01-31 provides for an accounting among cotenants. The parties to such a proceeding would be the cotenants or personal representative of any such party.

However, the court can find no authority for the proposition advanced by Phyllis Battiste, namely, that as a cotenant she can assert a claim for her father, Charles Henry Brooks, who supposedly paid a total of $4,465.69 during a span of years from 1961 to 2000. Charles Henry Brooks sold his interest in the property to Angela Marcia Battiste some time ago. So far as the evidence shows, he never asserted a claim for contribution while he was a cotenant. Further, Phyllis Battiste, who apparently asserts the claim in this suit, is not successor-in-interest to her father. As noted above, Charles Henry Brooks sold his interest in the property to Angela Marcia Battiste. Phyllis Battiste and her husband, William, acquired their 1/5 interest from Marjorie Florene Brooks Smith.

Procedurally, the claim was proven primarily by an affidavit, over the objection of some of the other cotenants. The court agrees with the objecting cotenants that the affidavit is inadmissible and should not have been considered. Further, it was not presented until after the evidentiary hearing was concluded, another reason why it should not have been considered over the objection of other parties.

Similarly, the claim for contribution asserted by Patsy Brooks for tax payments made by her husband, Elvis F. Brooks, should not have been considered. Elvis F. Brooks died in 1990. He made no claim for contribution during his lifetime, nor did his estate make any such claim for contribution. The tax payments made many years ago by a deceased cotenant cannot now be asserted by a spouse for her benefit.

## Decision

For the reasons explained, the exceptions filed by cotenants Silas L. Watson, Virginia W. Smith, Alta W. Richardson, Alberta W. B. Harris, Brenda W. Gray, and John H. Watson will be sustained. Otherwise, the commissioner's report is approved and affirmed in all respects.