## CIRCUIT COURT OF FAIRFAX COUNTY

William O. Collier et al.

v.

Nan Pittman et al.

November 29, 2006

Case No. CH-2005-995

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This case first came before the Court on the Complainants' suit to quiet title and partition a parcel of improved property in Fairfax County. The case was referred by a Decree of Reference to a Commissioner in Chancery on June 28, 2005. The Commissioner held evidentiary hearings on October 25, 2005, and November 18, 2005, and filed his report on July 5, 2006. The Complainants, William Collier and John Peterson, subsequently filed five Exceptions to the Commissioner's Report. I heard argument on the Exceptions at a hearing on August 31, 2006. Following the hearing, I took the matter under advisement. I also directed the Commissioner to supplement his Report, which he did by a Supplemental Report, filed September 29, 2006. For the reasons that follow, I sustain the Complainants' first, fourth, and fifth Exceptions and overrule the Complainants' second and third Exceptions.

Kimbal Pittman owned an undivided interest in property located in Fairfax County, Virginia. When Mr. Pittman died intestate in 1995, a one-third interest in the property passed to his widow Nan and the remaining two-thirds interest was divided among his children, Michael Pittman, Katherine Pittman, Kenneth Pittman, and Lynya Echevarria (together, the "Pittmans"), with each receiving one-sixth of the property.

The Complainants acquired the interest of Nan Pittman in 1999. Upon taking possession of the property, the Complainants paid off the existing mortgage of $18,785.57 as well as back taxes. The Complainants then made

numerous repairs to the property and rented it to various tenants. At the evidentiary hearings before the Commissioner, evidence was introduced to show the rental income received by the Complainants as well as repair and maintenance costs incurred by them for renovating the property. Evidence was also presented as to the various liens and assessments against the property.

The report of a commissioner in chancery does not carry the weight of a jury's verdict; however, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. "This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence." *Roberts v. Roberts*, 260 Va. 660, 536 S.E.2d 714, 718 (2000) (citing *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)).

For their first Exception, the Complainants challenge the Commissioner's finding that they not be reimbursed for paying off the mortgage on the property when they first acquired it from Nan Pittman. The Commissioner opined that the Complainants acquired their one-third interest in the property for less than market value, by paying "the amounts necessary to avoid a pending foreclosure pursuant to a purchase agreement with Nan Pittman." Therefore, the Commissioner found that the pre-existing mortgage on the property was an acquisition cost that should be borne solely by the Complainants. The Complainants disagree, pointing out that the Commissioner agreed that the back taxes that the Complainants paid when they acquired the property should be apportioned among all the owners. The Complainants argue that the Commissioner thus treated the mortgage and taxes, both of which were paid by the Complainants after acquiring the property, differently instead of treating them both as pre-existing liens on the property discharged by the Complainants for the benefit of all co-owners.

I find the Complainants' argument persuasive. "A co-tenant who discharges an encumbrance upon the common property is entitled to ratable contribution from his co-tenant." *Jenkins v. Jenkins*, 211 Va. 797, 800, 180 S.E.2d 516 (1971). If the Complainants had not paid the mortgage, the Pittmans' interest would have been subject to the mortgage lien. By paying both the mortgage and the taxes, the Complainants saved the property from foreclosure and benefited all co-owners. Therefore, the Complainants are entitled to ratable contribution from the Pittmans. Thus, I sustain the Complainants' first Exception.

For their second Exception, the Complainants dispute the Commissioner's finding that they received $44,881.00 in rental income. Instead, they maintain that they received only $41,889.00. The Complainants argue that Fairfax County stopped paying them rent for a subsidized tenant

and thus, the total rental income that they received is less than the Commissioner found. The Complainants also object to the Commissioner's recommendation that interest be assessed on the rental income received by the Complainants and apportioned among the co-owners from any partition sale proceeds. The Complainants argue that the Pittmans never moved to exercise their ownership rights against the property and, furthermore, the Pittmans failed to even request such relief in their pleadings.

I overrule the Complainants' second Exception in its entirety. The Commissioner made a finding of fact as to the total rental income received by the Complainants, after hearing the testimony of witnesses and reviewing the evidence presented at the hearings. He was in the best position to determine the exact dollar amount received by the Complainants. Therefore, I sustain the Commissioner's findings as to the rental income. As to the issue of interest, while it is certainly true that the Complainants did all the work to rent out the property, this does not negate the Pittmans' right to receive interest on any rental income received by the Complainants. As co-owners, the Pittmans have a legal right to their share of the rental income received by the Complainants and any interest accrued on that income. The award of interest is both a factual and legal determination. As such, I decline to overrule the Commissioner's recommendation regarding interest.

In their third Exception, the Complainants contest the Commissioner's recommendation that they not receive interest on their repair and maintenance expenses. The Commissioner's report noted that there was insufficient evidence presented at the hearings to determine the exact dates of the various repairs. Therefore, the Commissioner declined to award the Complainants interest on these expenses, given that the dates in which the expenses were paid were uncertain. The Complainants dispute the Commissioner's finding and maintain that they did in fact present such evidence at the hearing. I decline to sustain the Complainants' Exception. As noted above, the Commissioner was in the best position to judge the weight and accuracy of the Complainants' evidence. The award of interest is both a legal and factual decision. Absent any showing that the Commissioner's findings are not supported by the evidence, the Commissioner's recommendation will stand. Therefore, the Complainants' third Exception is overruled.

For their fourth Exception, the Complainants point out that the Commissioner's report does not address the $2,500 the Complainants paid to replace the carpet at the property. The Complainants ask that they be reimbursed for the cost of replacing the carpet. I referred this issue of the carpet replacement cost to the Commissioner on September 11, 2006. In his Supplemental Report, the Commissioner responded that the carpet expense

was inadvertently omitted from the original report. The Commissioner recommended that the carpet expense be apportioned among all co-owners and that the Complainants be reimbursed for their share. I concur with the Commissioner's supplemental finding and sustain the Complainants' fourth Exception.

Finally, in their fifth Exception, the Complainants request that the Court's Order reflect that the reimbursements to the Complainants for their expenses and taxes be deducted from the distributive one-sixth share of each of the Pittmans. The Complainants point out that the Commissioner's report was clear that one-sixth of the Commissioner's fee, which was paid by the Complainants, should be deducted from each of the Pittmans' one-sixth share. Therefore, the Complainants ask that the final Order also reflect that the expenses and taxes paid by the Complainants be apportioned and then deducted from each of the Pittmans' one-sixth share. I agree that the Final Order should clearly state that any reimbursements to the Complainants should be apportioned among each of the Pittmans and deducted from each Pittmans' one-sixth share.