Present:  All the Justices

CLAUDIA P. DALY

v.  Record No. 061559          OPINION BY JUSTICE DONALD W. LEMONS
                                        June 8, 2007
CECILLIA M. SHEPHERD

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    LeRoy F. Millette, Jr., Judge

    In this appeal, we consider whether in the absence of

exclusion or ouster by an occupying co-tenant of residential

property, the non-occupying co-tenant is entitled to a ratable

share of fair rental value in an action for partition.

                    I.   Facts and Proceedings Below

    Claudia P. Daly ("Daly") and Cecillia M. Shepherd[*]

("Shepherd") each owned an undivided one-half interest in a

townhouse in Prince William County (the "property") as tenants

in common.  From the time of purchase, the property was

occupied by Shepherd and her son.  At the time the property

was purchased, Daly "talked about moving in."  Shepherd

testified that she bought furniture and "fixed up a bedroom"

for Daly.  According to Shepherd, Daly changed her mind and

decided not to move into the property.

    Without notifying Shepherd, Daly moved to another state.

Shepherd and her son continued to occupy the property.

_____

    [*] While previously styled Daly v. Sheppard before this
Court, the correct spelling of the appellee's name is
Shepherd.

Desiring to own the property in its entirety, Shepherd filed a partition suit. Shortly after the suit was filed, Daly wrote to Shepherd stating that she planned to move into the property. Shepherd's counsel then wrote to Daly stating that the property was subject to a partition suit. The letter to Daly further stated: "[I]f you wish to move into the premises, you will need to call my office[] immediately as the sale of the . . . property may happen soon."

Daly did not move into the property, and the partition suit continued. Daly contended in her pleadings that based on Shepherd's "sole and exclusive use of the property since the parties acquired it," she was entitled to "one-half (1/2) of the fair market rental value of the property." Upon referral from the circuit court, a commissioner in chancery heard evidence in the case. In his report, the commissioner found that Shepherd should "not be charged against her interest a ratable share of fair rental value of the property due to the fact that [Daly], based upon evidence presented, was never excluded from co-possession of the property." Both Shepherd and Daly filed exceptions to the commissioner's report. The trial court overruled Daly's exceptions, confirming the commissioner's finding that Daly was not entitled to "any sum for the rental value for the tenancy" of Shepherd. However, the trial court did confirm the commissioner's finding that

2

Daly was entitled to one-half of the rental payments made by Shepherd's son.

Daly now appeals to this Court upon one assignment of error: "The trial court erred in overruling Daly's exceptions to the Commissioner's Report and in entering a final decree which did not include an amount in favor of Daly representing one-half of the fair rental value of the property as compensation for the exclusive tenancy of the co-owner, Sheppard [sic]."

## II. Analysis

The standards of review when a trial court considers a report of a commissioner in chancery and when this Court reviews the matter on appeal are well-established:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence, but is not applicable to pure conclusions of law contained in the report. On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong.

Roberts v. Roberts, 260 Va. 660, 667, 536 S.E.2d 714, 718 (2000) (quoting Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (citations omitted)).

Virginia Code § 8.01-31 provides:

3

> An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party.

In Early v. Friend, 57 Va. (16 Gratt.) 21, 49 (1860), we interpreted the predecessor statute to Code § 8.01-31 to provide that

> whenever the nature of the property is such as not to admit of its use and occupation by several, and it is used and occupied by one only of the tenants in common, or wherever the property, though capable of use and occupation by several, is yet so used and occupied by one as in effect to exclude the others, he receives more than comes to his just share or proportion, in the meaning of the statute, and is accountable to the others.

Therefore, in deciding whether a co-tenant in a partition suit is entitled to a ratable share of the fair rental value of the property when one tenant has maintained exclusive occupancy, two questions must be answered. First, is the property amenable to co-occupation? Here, the answer is "yes." Both parties acknowledge that this residential property with multiple bedrooms was intended by them to be co-occupied. Having established that the property is amenable to co-occupation, the next question is: was there an exclusion or ouster of the non-occupying co-tenant? The answer in this case is "no."

4

Daly relies upon the case of Adkins v. Adkins, 117 Va. 445, 85 S.E. 490 (1915), in support of her claim for a ratable share of fair rental value of the property.  In Adkins, the co-tenant occupied a farm to the exclusion of other co-tenants.  He occupied the house as a residence and operated the farm on a commercial basis including the harvesting of timber and the leasing of a portion of the property.  On the unique facts of the case, we observed that an understanding had been reached by the co-tenants, even if the understanding had not been a "formal contract."

> [H]e occupied the place for a considerable period as his home, keeping thereon a large amount of live stock, raising crops, etc., and throughout the remainder of his control had the property in the hands of tenants, either for a share of the crops or for a money rent, and at no time during all the years of his use and control of the property did his cotenants ever share with him in the crops or other proceeds of the farm. While there was no formal contract of renting, the use and control of the place by Thomas Adkins seems to have been acquiesced in by his brother and sisters upon the idea that the place had to be managed and that they could safely trust its management to him. While there never was any ouster of his cotenants, the use and enjoyment by the complainant was exclusive in the sense that it was never interfered with by his brother or sisters during the period of his control. The facts and circumstances of the case present a situation where the tenant in common occupying the premises to the exclusion of his cotenants is accountable for receiving more than his just share or proportion.

Id. at 447-48, 85 S.E. at 491.

5

In this case, the evidence shows that Daly was able to move into the property, had planned to move in, and then chose not to do so. The commissioner was correct in finding that the property was capable of co-occupation, and because Daly was never excluded or ousted from co-occupation of the property, she was not entitled to a ratable share of the fair rental value from Shepherd. However, as in Adkins, Shepherd did receive more than her "just share or proportion" of rental payments made by a non-owner occupant, namely Shepherd's son. The commissioner was correct in finding that one-half of the rental payments were properly credited to Daly. The trial court did not err in confirming the commissioner's report.

## III. Conclusion

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.