202

## CIRCUIT COURT OF FAIRFAX COUNTY

Michael A. Shalom

v.

Heidi G. Clark

August 6, 2009

Case No. CL-2009-7710

BY JUDGE MICHAEL P. MCWEENY

This case was presented before me on July 30, 2009. At the conclusion of the evidence, both parties authorized me to take judicial notice of the contents of this court's File Number CL-2007-11665, *Shalom v. Shalom*, in making my decision. The file now has been obtained and reviewed, and, upon all of the evidence and for the reasons below, I return a verdict for the Defendant.

*Jurisdiction*

It was suggested that the matters contained in this lawsuit were decided in the underlying divorce case. I do not agree. While equitable distribution was resolved and the real property known as 9924 Barnsbury Court, Fairfax, Virginia, was ordered listed and sold with the proceeds divided, there was no Order regarding the carrying charges pending the sale. Although the divorce file does not support Mr. Shalom's contention that Judge Alden "refused" to rule on this issue, the carrying charges remain an unlitigated, post-divorce matter. The Court has jurisdiction over this claim.

*Mortgages and Utilities*

Mr. Shalom is correct that the granting of a divorce converted the ownership of the subject property from tenants by the entirety to tenants in common. This fact alone does not decide the responsibility of each co-tenant for the carrying charges.

The utilities are not liens on the property but rather the expenses incurred by the individual in possession. As Mr. Shalom was the sole occupier and used the utilities and services for his benefit, he is solely responsible.

The mortgage payments, however, require a different analysis. There is no question that the general rule is that a co-tenant who discharges an encumbrance upon the common property is entitled to ratable contribution from his co-tenant. *Grove v. Grove*, 100 Va. 556, 42 S.E. 312 (1902). "Hence, unless something more can be shown than the mere fact that one co-tenant is in possession of the premises, each co-tenant should be ratably responsible for . . . liens against the property." *Jenkins v. Jenkins*, 211 Va. 797, 800, 180 S.E.2d 516 (1971).

The question remains, what is the "something more" which defines the exception? An analogy may be drawn to the analysis for a suit for accounting in equity. The Virginia Supreme Court in examining the effect of tenants in common ownership in that area, noted:

> whenever the property, though capable of use and occupation by several [co-tenants], is yet so used and occupied by one as in effect to exclude the others, he received more than come to his just share or proportion . . . and is accountable to the others.

*Early v. Friend*, 57 Va. (16 Gratt.) 21, 49 (1860).

Therefore, a key to the determination of a right of contribution is whether there was an exclusion or ouster of the non-occupying co-tenant. This defines an exception which is applicable to the case-at-bar.

Here, the evidence is clear that Mr. Shalom was the sole occupant of the subject property. In weighing the conflicting testimony, I find that he changed the locks, thus excluding Ms. Clark. The contention that the locks were changed "because of the housekeeper" does not affect the result. The exclusion or ouster of Ms. Clark bars Mr. Shalom's claim for contribution by the co-tenant.

Judgment is granted for the Defendant.

*Final Order*

On July 30, 2009, Michael A. Shalom, the Plaintiff, and Heidi G. Clark, the Defendant appeared before this Court. This case was tried by a Judge. The Court heard opening statements of the parties and all of the evidence presented on behalf of the Plaintiff. The Court heard all evidence presented by the Defendant and closing argument of the parties. Having taken the case under advisement and in consideration of the evidence and argument, the Court now orders that judgment be and is hereby entered in favor of the Defendant, and this cause is ended. It is further adjudged and ordered that, in the event no appeal is timely filed, the Clerk of the Court be and hereby is authorized to destroy or return to the parties, if requested, all exhibits in this case, whether identified or admitted, forty-five days after this Order becomes final.