# CIRCUIT COURT OF NELSON COUNTY

Agnes Fujie Schrider

    v.

Laura Frances Coleman

Case No. CL14000023-00

BY JUDGE J. MICHAEL GAMBLE

August 8, 2014

I am writing to give my opinion in the above partition suit. First, I find that partition cannot be conveniently made. Next I find that the property should be allotted to Laura Frances Coleman if she can pay Agnes Schrider $94,100 and remove Ms. Schrider from liability on the first mortgage and the HELOC loan. The computation for the buyout of the share of Ms. Schrider is set forth on Attachment 1.

Ms. Coleman is given until December 1, 2014, to pay $94,100 and remove Ms. Schrider from liability on the mortgages.

If Ms. Coleman cannot purchase the share of Ms. Schrider as set forth above, then the court finds that the interest of the parties will be promoted by a sale of the entire property. If the property is sold for its fair-market value of $378,000 today, the distribution to Ms. Schrider would be $94,460 and the distribution to Ms. Coleman would be $96,041. The computations for these distributions are set forth on Attachment 2 to this letter. As the parties should note, these computations will change as time passes due to additional mortgage payments, tax payments, insurance payments, imputed rental value, and possibly maintenance. Computations on Attachment 2 are given as a guide to determine the future distributions.

Attachment 3 sets forth my findings as to the first mortgage principal payments, the first mortgage interest payments, the rental value, the building and maintenance cost, taxes and insurance, the HELOC loan payoff, and the deck cost.

In Virginia, the doctrine is established that when a co-tenant discharges an encumbrance upon common property, she is entitled to a ratable contribution from her co-tenant. Therefore, Ms. Schrider is responsible to Ms. Coleman for one-half of the principal and interest payments on the first

mortgage not paid by Ms. Schrider and to the taxes and insurance not paid by Ms. Schrider. The taxes are an encumbrance by law, and the insurance is an encumbrance through the mortgage. *See Jenkins v. Jenkins*, 211 Va. 797, 799-800 (1971).

Based upon the evidence, I find that the balance due on the HELOC loan is the responsibility of Ms. Coleman with the exception of VF20 that is still owed by Ms. Schrider on the deck. The evidence established that Ms. Coleman made draws on the HELOC loan for her personal use.

I have assessed Ms. Coleman with one-half of the rental value on the property from the time that Ms. Schrider vacated the property. When a co-tenant occupies property to the exclusion of a co-tenant, the general rule is to charge the occupying co-tenant with reasonable rent for the use and occupation of the property. *Gaynor v. Hird*, 15 Va. App. 379, 381 (1992). The evidence established that Ms. Coleman actually excluded Ms. Schrider from the premises for a period of time and that she has set forth the rules by which Ms. Schrider can return to the premises and visit the two children who reside in the home.

The computations award to Ms. Coleman one-half of the maintenance costs, construction costs, and expenses related to the house. Normally, a party cannot recover for improvements unless the party establishes the amount by which the value of the property is enhanced due to these improvements. *Shotwell v. Shotwell*, 202 Va. 613, 618 (1961). In this case, there was no evidence offered of increase in value.

However, the evidence did establish that the parties contractually agreed to share equally all expenses and other costs related to the house. Therefore, I have given Ms. Coleman a credit for one-half of the expenses she has paid and not received reimbursement from Ms. Schrider.

## September 24, 2014

I issued my opinion letter on August 8, 2014. Thereafter, Mr. Main filed a motion to reconsider on behalf of Ms. Coleman. I have considered the motion filed by the defendant. After considering the motion, I have decided not to grant a $32,800.00 credit to Ms. Schrider for one-half of the rental value of the real estate.

My decision is based upon the decision of the Virginia Supreme Court in *Daly v. Shepherd*, 274 Va. 270 (2007). *Daly* sets forth a two-part analysis as to whether a non-occupying party should be granted a portion of the rental value of the property. Under the *Daly* analysis, a trial court must determine (1) whether the property is amenable to co-occupation, and (2) whether there is an exclusion or ouster of the non-occupying co-tenant *Daly*, 274 Va. at 274. In this case, the property is amenable to co-occupation because both parties cohabited in the home along with the children prior to Ms. Schrider leaving the home. Next, there was no exclusion or ouster of Ms. Schrider. She has continued to have a key to the home, and she has been

allowed to come to the home at any time to visit the children. The decision to leave the home was the decision of Ms. Schrider, and there has been no effort by Ms. Coleman to exclude her from the home. The only occasions when she has been prevented from coming to the home is when there was a dispute over the children and when Ms. Coleman objected to Ms. Schrider removing personal property from the home.

The amount Ms. Coleman can pay Ms. Schrider to purchase Ms. Schrider's share is now $61,300.

The amount that Ms. Schrider would now receive if the property is sold is $61,660. The amount that Ms. Coleman would receive is $128,841.